T.C. Memo. 2003-1



UNITED STATES TAX COURT



CAROL LEE MOORE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7556-01L.                    Filed January 2, 2003.


Carol Lee Moore, pro se.

Kevin M. Murphy, for respondent.



MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, Judge:  The petition in this case was filed in response to a Notice of Determination Concerning Collection Action Under Section 6320 (notice of determination).[1]  Pursuant to section 6330(d), petitioner seeks review of respondent's filing of a notice of lien under section 6323.

_____

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts, with accompanying exhibits, is incorporated herein by this reference. At the time she filed her petition, petitioner resided in Liverpool, New York.

On April 12, 1994, respondent sent petitioner a notice of deficiency determining a deficiency of $2,333 and a penalty under section 6662(a) of $467 for 1992. Respondent determined that petitioner did not qualify for a filing status of "head of household", was not allowed certain dependency exemptions, and did not qualify for the earned income credit (EIC). Petitioner received the notice of deficiency but did not file a petition with the Court. Instead, on June 27, 1994, petitioner sent respondent a letter enclosing additional information and the notice of deficiency. Petitioner also contacted the Taxpayer Advocate Office regarding her 1992 tax return; as a result, respondent reduced petitioner's 1992 deficiency to $1,361 by allowing petitioner the EIC.[2]

On July 31, 2000, respondent sent petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320. On August 21, 2000, respondent received petitioner's timely Request for a Collection Due Process Hearing. In the request, petitioner explained: "I do not owe this tax. Have

---

[2] As of Feb. 13, 2002, petitioner owed $2,130.47.

repeatedly proven that EIC, dependents and head of household are valid claims." (Emphasis in original.)

On March 9, 2001, respondent sent petitioner a letter scheduling the hearing with an Appeals officer on March 20, 2001 in Syracuse, New York. In response to petitioner's request to reschedule the hearing, the Appeals officer sent petitioner a letter on March 16, 2001, rescheduling the hearing to March 22, 2001, in Syracuse, New York. Petitioner did not appear at the hearing. On March 22, 2001, the Appeals officer sent petitioner a letter notifying her that if she did not contact him within 14 days, he would close the file with respect to the hearing request. On April 9, 2001, in response to a telephone message left by petitioner, the Appeals officer left a telephone message with petitioner requesting that she call him regarding rescheduling the hearing. Petitioner did not return the telephone call.

On May 9, 2001, respondent sent petitioner a notice of determination. In the notice of determination, respondent stated:

> Appeals has determined that the notice of lien filed for this tax period properly balances the need for efficient collection of the tax with your concerns over the intrusiveness of the collection action. You have not raised an issue concerning the underlying liability that can be considered in a due process hearing and have not made a payment proposal.

On June 11, 2001, petitioner filed a Petition for Lien or Levy Action Under Code Section 6320(c) or 6330(d). On August 30, 2001, petitioner filed an Amended Petition for Lien or Levy Action Under Code Section 6320(c) or 6330(d).

OPINION

In the amended petition, petitioner argues that (1) respondent denied her right to a "Due Process Hearing under IRC 6320" alleging that respondent ignored petitioner's telephone calls to reschedule the hearing; and (2) she is entitled to a filing status as "Head of Household" because she sent proofs of eligibility to respondent. Respondent contends that (1) petitioner was afforded the opportunity for a hearing but waived that right when she failed to cooperate; and (2) under section 6330(c)(2)(B), petitioner is precluded from challenging her 1992 liability because she received a notice of deficiency for 1992.

Section 6321 provides that, if any person liable to pay any tax neglects or refuses to do so after demand, the amount shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person. Pursuant to section 6323, the Commissioner generally is required to file a Notice of Federal Tax Lien with the appropriate State office for the lien to be valid against certain third parties.

After the Commissioner files a notice of lien, section 6320(a)(1) requires the Commissioner to provide notice to the taxpayer of such filing. Additionally, under section 6320(a)(3)(B) and (b), the Commissioner must provide the taxpayer with notice of and an opportunity for an administrative review of the lien filing; i.e., a hearing. Section 6320(b)(1) requires that the Appeals Office conduct the hearing. Section 6320(c) incorporates section 6330(c) and certain parts of section 6330(d), which describe the procedural rules that apply to the hearing and the judicial review thereof.

At the hearing, the taxpayer may raise certain matters set forth in section 6330(c)(2), which provides, in pertinent part:

> SEC. 6330(c). Matters Considered At Hearing.--In the case of any hearing conducted under this section--
>
>       *    *    *    *    *    *    *
>
> (2) Issues At Hearing.--
>
>     (A) In General.--The person may raise at the hearing any relevant issue relating to the unpaid tax or proposed levy, including--
>
>         (i) appropriate spousal defenses;
>
>         (ii) challenges to the appropriateness of collection actions; and
>
>         (iii) offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.
>
>     (B) Underlying Liability.--The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory

> notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

Pursuant to section 6330(d)(1), within 30 days of the issuance of the notice of determination, the taxpayer may appeal that determination to this Court if we have jurisdiction over the underlying tax liability. <u>Van Es v. Commissioner</u>, 115 T.C. 324, 328 (2000).

## I.   Hearing Request

The question arises whether this Court should remand the case to the Appeals Office to hold the hearing because petitioner alleges that a hearing was not properly held.  In <u>Lunsford v. Commissioner</u>, 117 T.C. 183 (2001), the Court declined to remand the case to the Appeals Office to hold a hearing to consider the taxpayer's arguments because we did not "believe that it is either necessary or productive".  <u>Id.</u> at 189.  The same reasoning is true here.  As discussed below, petitioner's only dispute involved her underlying tax liability, which is not properly at issue.  We, therefore, consider it neither necessary nor productive to remand this case to the Appeals Office to hold a hearing.

Further, the Court agrees with respondent that petitioner was granted the opportunity for a hearing.  The Appeals officer set a hearing date, rescheduled it, and, when petitioner failed to appear, offered to reschedule it a second time pursuant to petitioner's request.  Petitioner did not avail herself of the

opportunities for a hearing nor respond to the Appeals officer's telephone call regarding the second rescheduling of the hearing.

II. <u>Underlying Liability</u>

Although section 6330 does not prescribe the standard of review that the Court is to apply in reviewing the Commissioner's administrative determinations, we have stated that, where the validity of the underlying tax liability is properly at issue, the Court will review the matter on a de novo basis. Where the validity of the underlying tax liability is not properly at issue, however, the Court will review the Commissioner's administrative determination for abuse of discretion. <u>Sego v. Commissioner</u>, 114 T.C. 604, 610 (2000); <u>Goza v. Commissioner</u>, 114 T.C. 176, 181 (2000).

In her request for a hearing, petitioner only argued issues that involved the underlying tax liability: Filing status, exemptions, and EIC. Petitioner cannot dispute the existence or the amount of the underlying tax liability because petitioner received a notice of deficiency. Sec. 6330(c)(2)(B).

Additionally, petitioner did not assert in the petition any spousal defenses, any challenges to the appropriateness of the collection actions, or any offers of collection alternatives. See sec. 6330(c)(2)(A). There is no basis in the record for the

Court to conclude that respondent abused his discretion with respect to any of these matters.[3]

In reaching all of our holdings herein, we have considered all arguments made by the parties, and, to the extent not herein discussed, we find them to be irrelevant or without merit.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.

---

[3] Our holding that respondent did not abuse his discretion renders moot respondent's motion to dismiss for failure to properly prosecute filed on July 23, 2002. We therefore deny respondent's motion.