T.C. Memo. 2003-231

UNITED STATES TAX COURT

ANTONIO L. AND ERNESTINE THOMAS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3263-02L.                    Filed August 1, 2003.

Antonio L. and Ernestine Thomas, pro se.

<u>Monica D. Armstrong</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GALE, <u>Judge</u>:  This case arises from a petition filed
pursuant to sections 6320(c) and 6330(d)(1)(A).[1]  After

---

[1]Unless otherwise noted, all section references are to the
Internal Revenue Code, as amended.

concessions,[2] the issue for decision is whether respondent's determination to proceed with a collection with respect to petitioners' Federal income tax liabilities for 1991 should be sustained. We hold that it should.

### FINDINGS OF FACT

Most of the facts have been stipulated and are so found. The parties' stipulation of facts and the accompanying exhibits are incorporated herein by this reference.

At the time of filing the petition in this case, petitioners resided in East Point, Georgia.

Petitioners filed their 1991 joint Federal income tax return (1991 return) on September 28, 1993, reporting a tax due of $8,343, which was not paid. Respondent assessed the tax shown as due on the 1991 return on October 18, 1993, as well as additions to tax under sections 6651(a)(1) and (2) and 6654, plus interest (return assessment).

On or about March 6, 1995, respondent notified petitioners that their 1991 income tax return had been selected for examination.

---

[2]The notice of determination that is the subject of this action covered petitioners' liabilities with respect to taxable years 1985, 1991, 1997, and 1998. Respondent conceded in the notice that his collection action with respect to 1985 was not appropriate, and petitioners seek review herein only with respect to 1991.

On March 10, 1995,[3] petitioners filed a petition (bankruptcy petition) in the U.S. Bankruptcy Court for the Northern District of Georgia, thereby commencing a bankruptcy proceeding under chapter 7 of title 11 of the United States Code.

On March 20, 1996, petitioners amended their bankruptcy petition to include their Federal tax liabilities for 1991.

On March 21, 1996, respondent issued a statutory notice of deficiency to petitioners with respect to 1991, determining a deficiency of $31,560, an addition to tax under section 6651(a)(1) of $8,004, and a penalty under section 6662(a) of $6,312.

On June 12, 1996, the bankruptcy court entered a "DISCHARGE OF DEBTOR(S) WITH ORDER APPROVING TRUSTEE'S REPORT OF NO DISTRIBUTION, CLOSING ESTATE AND DISCHARGING TRUSTEE" with respect to petitioners (discharge order), granting petitioners a discharge pursuant to 11 U.S.C. sec. 727 (2000). The return assessment was abated shortly after issuance of the discharge order.

On June 19, 1996, petitioners filed a petition with this Court with respect to the notice of deficiency for 1991.

---

[3]The parties have stipulated that the bankruptcy petition was filed on Mar. 10, 1995, although the bankruptcy court's discharge order indicates that the petition was filed on Oct. 10 of that year. As discussed infra note 5, since the result in this case would be the same under either filing date, we need not resolve this discrepancy.

Petitioners ultimately settled the deficiency proceeding by agreeing to a deficiency in tax of $13,914 plus an addition to tax under section 6651(a)(1) of $3,478.50. A decision was entered on October 20, 1997, reflecting the foregoing agreement. The deficiency and addition to tax, plus interest of $10,457.90, were assessed on December 29, 1997 (examination assessment).

On August 29, 2000, respondent filed a notice of Federal tax lien with the Clerk of Superior Court in Fulton County, Georgia. The notice of Federal tax lien was issued with respect to petitioners' income tax liabilities for the years 1985, 1991, 1997, and 1998. With respect to 1991, the Notice of Federal Tax Lien indicated an unpaid balance of $22,227.91. On September 1, 2000, respondent mailed to petitioners a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320.

On October 5, 2000, petitioners filed with respondent a Form 12153, Request for a Collection Due Process Hearing. On the Form 12153, petitioners alleged as grounds for relief: (1) "IRS assessed taxes after the date a petition for discharge filed"; (2) "IRS mailed Notice of Deficiency to wrong address"; (3) "The statute of limitation for collection has ended"; and (4) "Agreement was reached in Tax Court". Petitioners did not raise any spousal defenses or offer collection alternatives. A face-to-face meeting was scheduled between petitioners and a settlement officer of respondent for November 19, 2001.

Petitioner Antonio Thomas telephoned the settlement officer on November 14, 2001, to postpone this meeting because his representative was ill, and the scheduled meeting did not take place. A second meeting was scheduled for December 3, 2001, at 10 a.m. Petitioners failed to appear, and in the afternoon of that day, a representative of petitioners contacted the settlement officer to request a further postponement. The representative was advised that Appeals would close the case and issue a determination.

On December 12, 2001, respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (determination letter). Therein, the settlement officer first determined that all applicable laws and administrative procedures had been met for all liabilities at issue except for the 1985 taxable year; for 1985, the settlement officer determined that petitioners' liability had been discharged in the bankruptcy proceeding. With respect to issues raised by petitioners, the determination letter concluded that all of the issues raised by petitioners related to the validity of the assessments and that all of the assessments except for the one relating to 1985 were valid. Finally, the determination letter concluded that the proposed collection action appropriately balanced petitioners' interests with the need for efficient tax collection, noting a "pattern of unresponsiveness"

in that petitioners had failed to appear for two scheduled hearings.

On February 11, 2002, petitioners filed their petition in the present case. The petition alleged: (1) That petitioners' 1991 liabilities had been discharged in the bankruptcy proceeding; (2) that the amount of the 1991 liabilities asserted by respondent was incorrect; and (3) that contrary to the determination letter, petitioners and their representative had called the settlement officer to request that the hearings be rescheduled. At trial, petitioners further argued that the lien should be released because the 1991 liabilities had been paid.

OPINION

Section 6321 imposes a lien in favor of the United States on all property and rights to property of a person when a demand for payment of that person's taxes has been made and the person fails to pay those taxes. Such a lien arises when an assessment is made. Sec. 6322. Section 6323(a) requires the Secretary to file a notice of Federal tax lien if the lien is to be valid against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor. Lindsay v. Commissioner, T.C. Memo. 2001-285, affd. 56 Fed. Appx. 800 (9th Cir. 2003).

Section 6320 provides that the Secretary shall furnish the person described in section 6321 with written notice of the filing of a notice of lien under section 6323. The notice

required by section 6320 must be provided not more than 5 business days after the day of the filing of the notice of lien. Sec. 6320(a)(2). Section 6320 further provides that the person may request administrative review of the matter (in the form of an Appeals Office hearing) within 30 days beginning on the day after the 5-day period. Section 6320(c) provides that the Appeals Office hearing generally shall be conducted consistent with the procedures set forth in section 6330(c), (d), and (e).

Section 6330(c)(2) prescribes the matters that a person may raise at an Appeals Office hearing. Under that section, a person may raise any relevant issue related to the unpaid tax or noticed lien, but may only contest the existence or amount of the underlying tax liability if the person did not receive a notice of deficiency for the tax liability or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 180-181 (2000). Section 6330(d) provides for judicial review of the administrative determination in the Tax Court or a Federal District Court, as may be appropriate. Where the underlying tax liability is not at issue, the Court will review the Appeals officer's determination for abuse of discretion. Sego v. Commissioner, supra at 610.

The Underlying Liabilities

Although petitioners allege various errors in the deficiency respondent determined with respect to 1991, they may not raise these issues in the instant proceeding.  The underlying liabilities for 1991 that respondent seeks to collect[4] were the subject of a notice of deficiency that petitioners received.  Accordingly, pursuant to section 6330(c)(2)(B), petitioners are precluded from challenging the existence or amount of the underlying tax liabilities for 1991 in this proceeding.

The Bankruptcy Discharge

Petitioners also allege that they owe no tax for 1991 because all of their liabilities for that year were discharged in the bankruptcy proceeding.  Petitioners further note that they amended their bankruptcy petition specifically to include their 1991 income tax liabilities.  Respondent agrees that the return assessment was discharged in that proceeding but contends that the examination assessment was not.

We have jurisdiction to decide whether a tax liability for which collection is at issue in a section 6330(d)(1) proceeding has been discharged in bankruptcy.  Washington v. Commissioner, 120 T.C. 114, 121 (2003).

Respondent argues that the examination assessment was not

---

[4]Respondent has abated the 1991 liability that petitioners reported on their return for that year (i.e., the return assessment).

discharged in bankruptcy pursuant to 11 U.S.C. secs. 523(a)(1)(A) and 507(a)(8)(A)(iii) (2000). Those sections provide collectively that an income tax liability that is "not assessed before, but assessable * * * after" commencement of the bankruptcy proceeding, is not dischargeable. Thus, respondent argues, the examination assessment, which was not made before the commencement of the bankruptcy proceeding on March 10, 1995, but instead was made after commencement, on December 29, 1997, was not dischargeable pursuant to the foregoing provisions.

We agree that the examination assessment was not dischargeable but disagree with respondent's analysis. Specifically exempted from the nondischargeability rule for income taxes that were not assessed before but are assessable after commencement of bankruptcy proceedings are income taxes with respect to which a return was filed after its due date (including extensions) and after 2 years before the filing of the bankruptcy petition. See 11 U.S.C. secs. 507(a)(8)(A)(iii), 523(a)(1)(B)(ii) (2000). Such taxes are nondischargeable without regard to the timing of the assessment. Petitioners' 1991 return was untimely filed on September 28, 1993, which is after 2 years before the filing of the bankruptcy petition on March 10, 1995.[5]

---

[5]We note that there is a discrepancy in the record regarding the filing date of the bankruptcy petition. The parties have stipulated that the petition was filed on Mar. 10, 1995; however, the bankruptcy court's discharge order indicates that the
(continued...)

Accordingly, pursuant to 11 U.S.C. sec. 523(a)(1)(B)(ii) the examination assessment was not discharged in the bankruptcy proceedings.[6]

Payment

At trial, petitioners raised an additional issue; namely, that any amount owed with respect to 1991 that was not discharged in the bankruptcy proceeding had been paid. In support of this contention, petitioners introduced a letter issued to them from respondent dated July 21, 1997, indicating that the total amount owed with respect to 1991 was $20. Petitioners allege that they paid this amount and "additional payments" with respect to 1991.

Petitioners' argument has no merit. The July 21, 1997, letter on which they rely precedes by 3 months their October 20, 1997, execution of the stipulated decision in the Tax Court proceedings covering 1991 in which they agreed there was a

---

[5](...continued)
petition was filed on Oct. 10, 1995.

Even if Oct. 10, 1995, were the correct filing date of the bankruptcy petition, it would not change the result herein because the examination assessment would still be nondischargeable. If the filing date of the bankruptcy petition were Oct. 10, 1995, the nondischargeability rule of 11 U.S.C. secs. 523(a)(1)(A) and 507(a)(8)(A)(iii) (2000), relied on by respondent, would apply. That is, the examination assessment made on Dec. 29, 1997, would be nondischargeable because it was not assessed before, but was assessable after, the commencement of the bankruptcy proceeding on Oct. 10, 1995.

[6]Petitioners' amendment of their bankruptcy petition to specifically list their 1991 Federal income tax liabilities has no effect on their dischargeability.

deficiency for that year of $13,914, plus an addition to tax of $3,478.50. Thus, while the letter of July 21, 1997, may have been an accurate statement of petitioners' 1991 liabilities before the examination assessment, it obviously did not reflect the deficiency to which they agreed in October 1997. Accordingly, the letter provides no support for the claim that petitioners' 1991 liabilities were satisfied.

To the contrary, respondent has submitted a certified copy of Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, for petitioners' 1991 tax year. Absent some showing of irregularity, which petitioners have not made, the Form 4340 provides presumptive proof of its contents. See Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993); United States v. Chila, 871 F.2d 1015, 1019 (11th Cir. 1989); Craig v. Commissioner, 119 T.C. 252, 262-63 (2002); Davis v. Commissioner, 115 T.C. 35, 40-41 (2000). The Form 4340 indicates that six payments of $400 each were made by petitioners during 1998 with respect to their 1991 liabilities and does not indicate that any further payments were made. The Form 4340 indicates that the total amount of the examination assessment was $24,647.91. The amount that respondent seeks to collect, $22,247.91, is $2,400 less than the amount of the examination assessment. The Form 4340 also indicates that the return assessment was abated shortly after it was discharged. Accordingly, we conclude that all

payments that petitioners have made since the examination assessment have been accounted for, and the amount respondent seeks to collect is correct.

Necessity of a Face-to-Face Meeting

Finally, petitioners contend that their right to a hearing under section 6330(b) was compromised by the settlement officer's issuing the determination letter without conducting a face-to-face meeting. The parties have stipulated that a meeting scheduled for November 19, 2001, was canceled by petitioners by telephone on November 14, 2001, because of the illness of their representative. A second meeting was scheduled for December 3, 2001, at 10 a.m. Further, the parties have stipulated that petitioners failed to appear for this second meeting, and that a representative of petitioners telephoned the settlement officer later in the day to ask that the meeting be rescheduled. Rather than schedule a third meeting, the settlement officer elected instead to close the case and issue a determination letter.

We find it unnecessary to decide whether, in these circumstances, petitioners' right to a hearing under section 6330(b) was infringed upon when respondent's settlement officer refused to offer petitioners a third opportunity for a face-to-face meeting. The issues that petitioners have raised herein and indicated they would have raised in a face-to-face meeting--namely, the correctness of the 1991 deficiency and the

bankruptcy discharge of the 1991 liabilities or their payment--have been considered in this proceeding and found to lack merit. Thus, regardless of whether petitioners were initially accorded their right to a hearing under section 6330(b), they have not been prejudiced, and we do not believe it is "either necessary or productive" to remand this case for a hearing on the claims we have found legally insufficient to forestall collection. See <u>Lunsford v. Commissioner</u>, 117 T.C. 183, 189 (2001); <u>Moore v. Commissioner</u>, T.C. Memo. 2003-1.

<u>Conclusion</u>

Petitioners have not raised any spousal defenses, other challenges to the appropriateness of the collection action, or collection alternatives. We have considered every contention raised by petitioners, and conclude that each is without merit. We therefore hold that respondent may proceed with the proposed collection action. To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.