121 T.C. No. 7

UNITED STATES TAX COURT

NEAL SWANSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6440-01L.                    Filed August 28, 2003.

        P did not file Federal income tax returns for the
years 1993, 1994, and 1995.  R subsequently prepared
substitutes for return (SFRs) for P and issued a notice
of deficiency to P based on the SFRs covering these
years.  P filed a petition to this Court, but P's case
was later dismissed, and a decision was entered for R
because P failed to state a claim upon which relief
could be granted.  R assessed the tax liabilities for
the years 1993, 1994, and 1995.  P subsequently filed a
petition under ch. 7 of the U.S. Bankruptcy Code.  The
bankruptcy court entered an order generally releasing P
from all dischargeable debts.  The bankruptcy court did
not expressly determine whether P's unpaid tax
liabilities were discharged.  R issued a notice of
intent to levy, and P requested a hearing before an IRS
Appeals officer (A) pursuant to sec. 6330, I.R.C.  At
the hearing, P claimed that his unpaid liabilities were
discharged in bankruptcy.  A issued a notice of
determination sustaining the levy, and P timely
petitioned the Court for review.

Held: We have jurisdiction in this levy proceeding to determine whether P's unpaid liabilities were discharged in bankruptcy. Washington v. Commissioner, 120 T.C. 114 (2003), followed.

Held, further: P's unpaid liabilities were not discharged in the ch. 7 bankruptcy proceeding. Under 11 U.S.C. sec. 523(a)(1)(B) (2000), if a required return is not filed, then the tax debt is generally excepted from discharge. P did not file Federal income tax returns, and the SFRs prepared by R in this case do not constitute "returns" within the meaning of sec. 523(a)(1)(B) of the Bankruptcy Code. Additionally, R is not enjoined from collecting the unpaid liabilities because the liabilities were excepted from discharge and the bankruptcy court did not make an express determination that the liabilities were discharged. Finally, a default judgment has not occurred because the debt at issue is not of a kind that required R to file a complaint in the bankruptcy court. Therefore, the determination to proceed with collection by levy is sustained.

Neal Swanson, pro se.

Ann S. O'Blenes, for respondent.

OPINION

GOEKE, Judge: The petition in this case was filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (the notice of determination). The substantive issue presented is whether the unpaid liabilities that are the subject of the collection action were discharged in petitioner's chapter 7 bankruptcy proceeding. However, before we can reach this issue, we must first address whether we have jurisdiction to decide the issue and whether

petitioner is precluded from arguing that his unpaid liabilities were discharged in bankruptcy.

## Background

The parties submitted this case fully stipulated.  The stipulation of facts and the attached exhibits are incorporated herein by this reference.  Petitioner resided in Lake Dallas, Texas, at the time his petition was filed.

Petitioner did not file Forms 1040, U.S. Individual Income Tax Return, for the taxable years 1993, 1994, and 1995.  Copies of MFTRA-X transcripts of petitioner's accounts for the tax years at issue reflect that respondent filed "substitutes for return"[1] (SFRs) for these years on February 24, 1997.  On May 28, 1997, respondent issued a notice of deficiency to petitioner determining deficiencies in and additions to his Federal income taxes for 1993, 1994, and 1995.  Petitioner filed a petition and an amended petition with this Court seeking a redetermination. On February 3, 1998, the Court dismissed the case for failure to state a claim upon which relief could be granted and decided that

---

[1]The Commissioner has previously represented to this Court that the term "substitute for return" (SFR) is a term used by the Commissioner for returns or partial returns prepared by the Commissioner where the taxpayer did not file a return. Spurlock v. Commissioner, 118 T.C. 155, 156 n.2 (2002).  The term SFR has also been used to describe a return prepared by the Commissioner under sec. 6020(b).  We note that respondent does not allege and the evidence in the record does not indicate whether the returns prepared by respondent in this case meet the requirements of sec. 6020(b).  For convenience, we refer to the returns prepared by respondent as SFRs.

petitioner was liable for the following deficiencies and
additions to tax:

| | | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654(a) |
| --- | --- | --- | --- |
| 1993 | $8,307 | $896 | --- |
| 1994 | 8,460 | 2,115 | $436 |
| 1995 | 10,657 | 2,524 | 548 |

In June 1998, respondent assessed the deficiencies and additions
to tax decided in the Court's order of dismissal and decision.
Copies of MFTRA-X transcripts reflect that interest on the taxes
was also assessed in June 1998.[2]

On August 5, 1998, petitioner filed a bankruptcy petition
under chapter 7 of the U.S. Bankruptcy Code in the U.S.
Bankruptcy Court for the Northern District of Texas.  On Schedule
E, Supplemental Income and Loss, petitioner reported the Internal
Revenue Service (IRS) as the holder of unsecured priority claims
for the years 1993, 1994, and 1995.  On December 7, 1998, the
bankruptcy court entered an order of discharge (discharge order)
in petitioner's bankruptcy case. The discharge order states:

### DISCHARGE OF DEBTOR

It appearing that a petition commencing a case under
title 11, United States code, was filed by or against
the person named above on 08/05/98, and that an order
for relief was entered under chapter 7, and that no
complaint objecting to the discharge of the debtor was

---

[2]We shall refer to the unpaid balance of assessment for
petitioner's taxable years 1993, 1994, and 1995 as petitioner's
unpaid liability for each of those years.  See Washington v.
Commissioner, 120 T.C. 114, 116 (2003).

filed within the time fixed by the court (or that a complaint objecting to discharge of the debtor was filed and, after due notice and hearing, was not sustained);

IT IS ORDERED THAT:

1.   The above-name debtor is released from all dischargeable debts.

2.   Any judgment heretofore or hereafter obtained in any court other than this court is null and void as a determination of the personal liability of the debtor with respect to any of the following:

(a)  debts dischargeable under 11 U.S.C. sec. 523;

(b)  unless heretofore or hereafter determined by order of this court to be nondischargeable, debts alleged to be excepted from discharge under clauses (2), (4), (6) and (15) of 11 U.S.C. sec. 523(a);

(c)  debts determined by this court to be discharged.

3.   All creditors whose debts are discharged by this order and all creditors whose judgments are declared null and void by paragraph 2 above are enjoined from instituting or continuing any action or employing any process or engaging in any act to collect such debts as personal liabilities of the above-named debtor.

Copies of MFTRA-X transcripts reflect that on January 23, 2000, respondent sent to petitioner a notice of intent to levy regarding petitioner's unpaid income tax liabilities for 1993, 1994, and 1995.  The copies indicate that on February 10, 2000, petitioner requested a section 6330 hearing.  On May 3, 2001, the Appeals Office issued to petitioner a notice of determination

regarding petitioner's unpaid liabilities for 1993, 1994, and 1995. The notice states:

Summary of Determination:

It is determined that a levy is appropriate in your case. Appeals has considered the information presented at the Collection Due Process hearing. It is determined that the collection of your unpaid accounts by levy enforcement balances the government's need to efficiently collect your 1993, 1994 and 1995 tax liabilities with your concerns of intrusiveness.

* * * * * * *

Legal and Procedural Requirements:

It has been concluded that all required laws and procedures have been followed. The only legal requirements before taking general enforcement action are the notice and demand and the notice of intent to levy with a notice of right to a Collection Due Process Hearing.

Internal computer records indicate that notice and demand of payment have been made within the required time periods for the 1993, 1994 and 1995 years at issue.

The notice of intent to levy, Letter 1058, was properly mailed and included with this notice were all required enclosures. These enclosures include the Form 12153, which you used to make your Collection Due Process hearing request.

Issues Raised by the Taxpayer:

In your hearing request you challenged the assessment of the tax liabilities. You previously challenged the assessment in the United States Tax Court. The Court issued its "Order of Dismissal and Decision" dated February 3, 1998. The Court's decision is final. Appeals will not consider challenges to the underlying liability because you previously challenged the liability and the Tax Court has issued its decision that the taxes are due and owing.

The administrative file shows that you filed bankruptcy. You stated that the unpaid taxes were discharged in your bankruptcy. Section 523(a)(1)(B)(i) of the Bankruptcy Code states that a tax liability is not discharged if the return was not filed. SFR assessed income tax returns are not considered voluntarily filed and are <u>not</u> dischargeable per Section 523(a)(1)(B)(i).

Internal Revenue Service records disclose that you have not filed Form 1040 U.S. Individual Income Tax returns for the years 1996, 1997, 1998, 1999. Appeals will not consider an alternative collection solution because you are not in compliance by voluntarily filing these income tax returns.

You did not agree with Appeals and the Internal Revenue Service concerning the interpretation of the income tax and bankruptcy statutes [sic]. However, you expressed an interest in filing your 1996 through 1999 income tax returns through regular Internal Revenue procedures and then submitting an offer in compromise after any additional liabilities were assessed.

<u>Balancing of Need for Efficient Tax Collection With Taxpayer's Concern of Intrusiveness:</u>

An acceptable alternative to the levy is not appropriate due to the fact you are not currently in compliance in filing all required income tax returns. It appears that levy sources currently exist. Accordingly, it is determined that the levy balances the Government's need to efficiently collect the 1993, 1994 and 1995 tax liabilities with your legitimate concern of intrusiveness.

The notice of determination was signed by Leland J. Neubauer, Appeals Team Manager (the Appeals officer).

On May 11, 2001, petitioner submitted to the Court a letter that the Court filed as petitioner's imperfect petition for lien or levy action requesting a review of respondent's determination to proceed with collection. Because the letter did not comply

fully with the requirements of Rule 331,[3] by order dated May 15, 2001, the Court directed petitioner to file a proper amended petition.  On June 12, 2001, petitioner filed a proper amended petition.  In the petitions, petitioner alleges that collection by levy is improper because his unpaid liabilities were discharged in bankruptcy.

## Discussion

The substantive issue for decision in this levy proceeding is whether petitioner's unpaid liabilities were discharged in bankruptcy.  Petitioner argues:  (1) The taxes were discharged by the discharge order because the order specifically states that petitioner "is released from all dischargeable debts"; (2) respondent is enjoined by the discharge order from collecting the unpaid liabilities; and (3) a default judgment has occurred because respondent did not object to the bankruptcy filing. Petitioner also contends that the bankruptcy court is the only court that can determine whether the unpaid liabilities were discharged.

Respondent claims that petitioner's unpaid liabilities are excepted from discharge under the Bankruptcy Code.  Specifically, respondent contends that the taxes are excepted from discharge under 11 U.S.C. sec. 523(a)(1)(B) (2000) because petitioner never

---

[3]Unless otherwise indicated, all section references are to the Internal Revenue Code currently in effect, and all Rule references are to the Tax Court Rules of Practice and Procedure.

filed Forms 1040 for the years in issue.  Respondent argues that the bankruptcy court did not enjoin collection of petitioner's unpaid liabilities and that a default judgment has not occurred.

I.  Jurisdiction

Before deciding the substantive issues, we must decide a jurisdictional issue because petitioner's contention that the bankruptcy court is the only court that can determine whether the unpaid liabilities were discharged raises the question of whether we have the authority to decide this issue.  We addressed this question in the context of a lien proceeding in Washington v. Commissioner, 120 T.C. 114 (2003).  The instant case involves a levy proceeding under section 6330(d)(1).

In Washington v. Commissioner, supra at 120-121, we stated:

> We have held in deficiency proceedings commenced in the Court under section 6213 that we do not have jurisdiction to determine whether a U.S. bankruptcy court has discharged a taxpayer from an unpaid tax liability in a bankruptcy proceeding instituted by such taxpayer.  Neilson v. Commissioner, 94 T.C. 1, 9 (1990); Graham v. Commissioner, 75 T.C. 389, 399 (1980).  In so holding, we relied on Swanson v. Commissioner, 65 T.C. 1180, 1184 (1976), in which we observed that an action brought for redetermination of a deficiency "has nothing to do with collection of the tax nor any similarity to an action for collection of a debt".

> In contrast to a deficiency proceeding, a lien proceeding commenced in the Court under section 6330(d)(1), such as the instant lien proceeding, is closely related to and has everything to do with collection of a taxpayer's unpaid liability for a taxable year.  * * *  We hold that in the instant lien proceeding commenced under section 6330(d)(1) the Court has jurisdiction to determine whether the U.S.

Bankruptcy Court for the Southern District of New York discharged petitioners from such unpaid liabilities.

Thus, we exercised jurisdiction in the lien proceeding to decide the bankruptcy discharge issue.[4]

A levy proceeding, like a lien proceeding, is commenced under section 6330(d)(1).[5]  A levy proceeding is also "closely related to and has everything to do with collection of a taxpayer's unpaid liability for a taxable year."  Washington v. Commissioner, supra at 120.  There is no reason for distinguishing levy proceedings from lien proceedings for purposes of exercising jurisdiction in the context of this case.  Accordingly, we hold that in this levy proceeding we have jurisdiction to determine whether the U.S. Bankruptcy Court for the Northern District of Texas discharged petitioner from the unpaid liabilities for the years 1993, 1994, and 1995.

II.  Nature of the Arguments Under Section 6330(c)(2)

Under section 6330, a taxpayer is entitled to notice and an opportunity for a hearing before certain lien and levy actions are taken by the Commissioner in the process of collecting unpaid

---

[4]See also Thomas v. Commissioner, T.C. Memo. 2003-231 (Tax Court has jurisdiction in lien proceeding to decide whether unpaid tax liabilities have been discharged in bankruptcy); Richardson v. Commissioner, T.C. Memo. 2003-154 (same).

[5]Sec. 6330(d)(1) provides rules governing judicial review of determinations relating to levies.  Sec. 6320(c), which deals with liens, provides that the rules in sec. 6330(d)(1) apply to judicial review of determinations relating to liens.

Federal taxes.  Section 6330(c)(1) requires the Appeals officer to obtain verification that the requirements of any applicable law or administrative procedure have been met.  Section 6330(c)(2) designates the issues that the taxpayer may raise at the Appeals hearing.[6]  The taxpayer is allowed to raise any relevant issue relating to the unpaid tax or the proposed levy, including spousal defenses, challenges to the appropriateness of the collection action, and alternatives to collection.  Sec. 6330(c)(2)(A); sec. 301.6330-1(e)(1), Proced. & Admin. Regs.[7]

---

[6]Sec. 6330(c)(2) provides:

(2) Issues at hearing.--

(A) In general.--The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including--

(i)   appropriate spousal defenses;

(ii)  challenges to the appropriateness of collection actions; and

(iii) offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.

(B) Underlying liability.--The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

[7]The regulations under sec. 6330 apply to any levy which occurs on or after Jan. 19, 1999.  Sec. 301.6330-1(j), Proced. &

(continued...)

The taxpayer "may also raise at the hearing challenges to the existence or amount of the underlying tax liability" if the taxpayer did not receive a notice of deficiency or did not otherwise have an opportunity to dispute the tax liability.  Sec. 6330(c)(2)(B); sec. 301.6330-1(e)(1), Proced. & Admin. Regs.  The taxpayer is precluded from raising an issue if it was raised and considered at a previous hearing under section 6320 or in any other previous administrative or judicial proceeding and the person seeking to raise the issue meaningfully participated in the hearing or proceeding.  Sec. 6330(c)(4); sec. 301.6330-1(e)(1), Proced. & Admin. Regs.  The fact that the Appeals officer may have considered and addressed a challenge not properly at issue in the hearing does not constitute a waiver of the statutory bar and does not operate to empower this Court to review the challenge.  Behling v. Commissioner, 118 T.C. 572, 579 (2002); sec. 301.6330-1(e)(3), Q&A-E11, Proced. & Admin. Regs.

In the instant case, petitioner received a notice of deficiency.  Therefore, the existence or amount of petitioner's underlying tax liability was not properly at issue at the hearing.  Challenges to the existence or amount of the underlying tax liability that are not properly at issue in this proceeding

_____

7(...continued)
Admin. Regs.  Copies of MFTRA-X transcripts reveal that the notice of intent to levy for the years 1993, 1994, and 1995 was sent to petitioner on Jan. 23, 2000.

cannot be considered.  See, e.g., <u>Pierson v. Commissioner</u>, 115 T.C. 576, 580 (2000); <u>Sego v. Commissioner</u>, 114 T.C. 604, 612 (2000); <u>Goza v. Commissioner</u>, 114 T.C. 176, 183 (2000) (granting motion to dismiss for failure to state a claim upon which relief can be granted where taxpayer received notice of deficiency but at hearing and in this Court did not raise a spousal defense, challenge the appropriateness of the collection action, or offer collection alternatives).

In <u>Washington v. Commissioner</u>, 120 T.C. at 120 n.9, the Commissioner did not dispute that the argument that unpaid liabilities were discharged in bankruptcy raised an issue appropriate for hearing under section 6330(c)(2)(A).  Here, unlike <u>Washington</u>, a notice of deficiency was issued.  However, respondent does not contest that petitioner's arguments in this case are "challenges to the appropriateness of collection actions" under section 6330(c)(2)(A).[8]  Therefore, we shall review the determination that petitioner's unpaid liabilities were not discharged in bankruptcy.

---

[8]Similar to this case, in <u>Thomas v. Commissioner</u>, T.C. Memo. 2003-231, the taxpayers received a notice of deficiency and we in effect treated their bankruptcy discharge arguments as challenges under sec. 6330(c)(2)(A).  See also <u>Richardson v. Commissioner</u>, T.C. Memo. 2003-154 n.9, where no notice was issued and we stated that the taxpayer's bankruptcy discharge argument raised an issue relevant to the appropriateness of the collection action.

III. <u>Standard of Review</u>

Where the validity of the underlying tax liability is not properly at issue, we review the Commissioner's administrative determinations for abuse of discretion. <u>Sego v. Commissioner</u>, <u>supra</u> at 610; <u>Goza v. Commissioner</u>, <u>supra</u> at 183. Petitioner received a notice of deficiency, and his arguments are challenges to the appropriateness of the collection action. Therefore, we review the determination to proceed with collection for abuse of discretion.

In this case, respondent's determination regarding whether petitioner's unpaid liabilities were discharged in bankruptcy required the interpretation and application of bankruptcy law. If respondent's determination was based on erroneous views of the law and petitioner's unpaid liabilities were discharged in bankruptcy, then we must reject respondent's views and find that there was an abuse of discretion. See, e.g., <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 405 (1990) (abuse of discretion occurs if ruling was based on erroneous view of the law); <u>Abrams v. Interco, Inc.</u>, 719 F.2d 23, 28 (2d Cir. 1983) (stating that it is not inconsistent with the abuse of discretion standard to decline to honor a purported exercise of discretion that is infected by an error of law).

IV.  Dischargeability of Unpaid Liabilities

Petitioner's general argument at the hearing and before this Court has been that his unpaid liabilities were discharged by the bankruptcy court.  The notice of determination addressed petitioner's argument as follows:

> The administrative file shows that you filed bankruptcy.  You stated that the unpaid taxes were discharged in your bankruptcy.  Section 523(a)(1)(B)(i) of the Bankruptcy Code states that a tax liability is not discharged if the return was not filed.  SFR assessed income tax returns are not considered voluntarily filed and are not dischargeable per Section 523(a)(1)(B)(i).

Thus, we must review respondent's determination that, under 11 U.S.C. sec. 523(a)(1)(B)(i), petitioner's unpaid liabilities were not discharged in bankruptcy.  Additionally, we address petitioner's contentions that respondent is enjoined from collecting the unpaid liabilities and that a default judgment has occurred because respondent made no challenge to petitioner's bankruptcy filing.

Paragraph 1 of the discharge order specifically states that petitioner "is released from all dischargeable debts."  The discharge order further provides that any judgment obtained in any other court is null and void as a determination of petitioner's personal liability with respect to:  (1) Debts dischargeable under 11 U.S.C. sec. 523; (2) unless determined by the bankruptcy court to be nondischargeable, debts alleged to be excepted from discharge under clauses (2), (4), (6), and (15) of

11 U.S.C. sec. 523(a); and (3) debts determined by the bankruptcy court to be discharged. Finally, the discharge order provides that all creditors whose debts are discharged or declared null and void under the order are enjoined from taking any action to collect the debts as personal liabilities of petitioner. Contrary to petitioner's interpretation, the discharge order does not relieve petitioner of liability for all debts. Rather, the order generally releases petitioner from all dischargeable debts, debts alleged to be discharged under certain clauses of 11 U.S.C. sec. 523(a), and other debts the bankruptcy court specifically determined to be discharged.

The general rule is that a debtor who files a chapter 7 bankruptcy petition is discharged from personal liability for all debts incurred before the filing of the petition. 11 U.S.C. sec. 727(b); In re Hatton, 220 F.3d 1057, 1059-1060 (9th Cir. 2000). However, an individual debtor is not to be discharged in a bankruptcy proceeding from certain specified categories of debts. 11 U.S.C. sec. 523(a); Washington v. Commissioner, 120 T.C. at 121. The first category, contained in 11 U.S.C. sec. 523(a)(1), is described in pertinent part as follows:

§ 523. Exceptions to discharge

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title [title 11] does not discharge an individual debtor from any debt--

(1) for a tax or a customs duty-

(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed;

(B) with respect to which a return, if required–

(i) was not filed; or

(ii) was filed after the date on which such return was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition; or

(C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax;

The use of the term "dischargeable" in the first paragraph of the bankruptcy court's discharge order requires application of this category to determine whether the unpaid liabilities of petitioner were dischargeable because there is no evidence in the record that the bankruptcy court specifically determined that the unpaid liabilities were to be discharged.  We reviewed a similar bankruptcy court order in Washington v. Commissioner, supra, and reached the same conclusion.[9]  Accordingly, we must decide

---

[9]The bankruptcy court's order in Washington v. Commissioner, 120 T.C. 114 at 116 (2003), provided:

IT IS ORDERED THAT:

1.   The Debtor is released from all dischargeable debts.

(continued...)

whether the unpaid liabilities are excepted from discharge under 11 U.S.C. sec. 523(a)(1)(B).

A.   Filing of "Returns" Under 11 U.S.C. Section 523(a)(1)(B)

As relevant here, 11 U.S.C. sec. 523(a)(1)(B) excepts from discharge a tax debt if "a return, if required, was not filed". The evidence in the record indicates, and petitioner has not disputed, that he was required to file Federal income tax returns for the years 1993, 1994, and 1995.  The parties stipulated that petitioner did not file tax returns for these years.  Further, the evidence in the record indicates that respondent prepared SFRs for petitioner for each of these years.  The relevant issue is whether the SFRs prepared by respondent in this case constitute "returns" within the meaning of 11 U.S.C. sec. 523(a)(1)(B).  This is the first opportunity that this Court has had to consider the issue.

---

[9](...continued)
2.   Any judgment not obtained in this court is null and void as to the personal liability of the Debtor(s) regarding the following:

   (a)   debts dischargeable under 11 U.S.C. § 523(a);

   (b)   debts alleged to be excepted from discharge under 11 U.S.C. § 523(a)(2), (4), (6) or (15) unless determined by this court to be nondischargeable;

   (c)   debts determined by this court to be discharged.

A purpose of the return requirement in 11 U.S.C. sec. 523(a)(1)(B) is to prevent a debtor who has ignored the filing requirements from escaping liability for unpaid taxes through the debtor's own misconduct. In re Hindenlang, 164 F.3d 1029, 1032 (6th Cir. 1999); In re Bergstrom, 949 F.2d 341, 342 (10th Cir. 1991). This corresponds with the principle that "'good faith and candor are necessary prerequisites to obtaining a fresh start.'" In re Hindenlang, supra at 1032 (quoting In re Zick, 931 F.2d 1124, 1129 (6th Cir. 1991)). The preparation of an SFR by the Commissioner is a simple administrative step which allows the assessment and collection process to begin. If an SFR constitutes a "return" within the meaning of 11 U.S.C. sec. 523(a)(1)(B), then the result of completing this administrative procedure effectively would be to excuse a nonfiling taxpayer from his own deliberate misconduct. This interpretation would render 11 U.S.C. sec. 523(a)(1)(B) a nullity. In re Pruitt, 107 Bankr. 764, 766 (Bankr. D. Wyo. 1989).

The term "return" is not defined in the Bankruptcy Code. In defining the term under 11 U.S.C. sec. 523(a)(1), other courts have looked to the Internal Revenue Code and cases decided by this Court for assistance. See, e.g., In re Hatton, supra at 1060; In re Hindenlang, supra at 1032; In re Bergstrom, supra at 343. Section 6020 specifically discusses returns prepared for or executed by the Secretary, but neither that section nor any other

section of the Internal Revenue Code provides a definition of the term "return".[10]  In <u>Beard v. Commissioner</u>, 82 T.C. 766 (1984), affd. 793 F.2d 139 (6th Cir. 1986), this Court developed a widely accepted interpretation of the term.  In that case, we stated that in order to qualify as a return, a document must meet the following requirements: (1) Purport to be a return; (2) be executed under penalty of perjury; (3) contain sufficient data to allow calculation of tax; and (4) represent an honest and reasonable attempt to satisfy the requirements of the tax law. <u>Id.</u> at 777; see also <u>Cabirac v. Commissioner</u>, 120 T.C. 163, 169 n.10 (2003).  This test combines the principles of two Supreme Court cases:  <u>Germantown Trust Co. v. Commissioner</u>, 309 U.S. 304 (1940), and <u>Zellerbach Paper Co. v. Helvering</u>, 293 U.S. 172 (1934).

In addition to the inconsistency between the purpose of the filing requirement under the bankruptcy statute and the proposition that an SFR can constitute a return under that statute, section 6020 and the requirements set forth in <u>Beard v. Commissioner</u>, <u>supra</u>, support the determination that SFRs do not constitute returns within the meaning of 11 U.S.C. sec. 523(a)(1)(B).

---

[10]This Court has previously recognized that a return prepared under sec. 6020(b) might not be considered a return within the meaning of other sections of the Internal Revenue Code.  <u>Spurlock v. Commissioner</u>, 118 T.C. 155, 161 (2002).

### 1.  Section 6020 Returns

Section 6020 authorizes the Secretary to prepare a "return" in certain situations.  Under section 6020(b)(1), if any person fails to make a return as required by law, the Secretary is authorized to prepare a return based on his own knowledge and such other information as he can obtain.  Any return prepared and subscribed by the Secretary "shall be prima facie good and sufficient for all legal purposes."  Sec. 6020(b)(2).[11]  However, the return prepared by the Secretary must be signed by the delinquent taxpayer before it can be accepted as the filed return of the taxpayer.  Sec. 6020(a); In re Bergstrom, supra at 343.[12]

---

[11]For further discussions of what constitutes a return prepared by the Commissioner under sec. 6020(b), see Cabirac v. Commissioner, 120 T.C. 163, 170-173 (2003); Spurlock v. Commissioner, supra at 157-161; Spurlock v. Commissioner, T.C. Memo. 2003-124.

[12]In In re Hofmann, 76 Bankr. 853, 854 (Bankr. S.D. Fla. 1987), the bankruptcy court explained the requirement that the debtor file the required return:

> It is undisputed that the debtor never personally filed a tax return for 1968.  However, the debtor argues that literally a return was filed (by the government) and that the statutory language of § 523(a)(1)(B) which eliminated the specific reference in § 17(a) of the former Bankruptcy Act which specified nondischargeability:
>
> > "in any case in which the bankrupt failed to make a return required by law" (emphasis supplied)
>
> calls for a different interpretation than under the former law. * * *

(continued...)

An SFR prepared under section 6020(b) does not constitute a return of the taxpayer for purposes of 11 U.S.C. sec. 523(a)(1)(B) in the absence of the signature of the taxpayer. In re Bergstrom, supra at 343.

In the instant case, petitioner failed to file required returns for the years 1993, 1994, and 1995, and respondent prepared SFRs for these years. Regardless of whether the SFRs were prepared in accordance with section 6020(b), there is no evidence that petitioner signed the SFRs, which is required before an SFR can constitute a return for purposes of 11 U.S.C. sec. 523(a)(1)(B).[13]

---

[12](...continued)

The government's position that § 523(a)(1)(B)(i) renders nondischargeable a tax for which the debtor did not file a tax return is supported by the legislative history. See Notes of Committee on the Judiciary, S. Rep. No. 95-989, 95th Cong., 2nd Sess. 78 (1978), U.S. Code Cong. & Admin. News 1978, p. 5787 * * *.

[Emphasis supplied.]

[13]We are aware that under sec. 6651(g), a return the Secretary prepared under sec. 6020(b) is treated as "the return filed by the taxpayer for purposes of determining the amount of the addition" under sec. 6651(a)(2). Cabirac v. Commissioner, supra at 170; Spurlock v. Commissioner, T.C. Memo. 2003-124. However, this is a specific statutory provision limited to situations involving the determination of whether a taxpayer is liable for a certain addition to tax. There is no analogous provision in the Bankruptcy Code providing that a return prepared under sec. 6020(b) is treated as the return filed by the debtor for purposes of determining the dischargeability of tax debts under 11 U.S.C. sec. 523(a)(1) (2000).

2.  The Requirements Set Forth in the Beard Case

As previously mentioned, this Court applies a four-part test, derived by combining the principles of two Supreme Court cases, to determine whether a filing constitutes a "return". Beard v. Commissioner, supra at 777.[14] Petitioner fails two prongs of the test because he did not sign the SFRs and he failed to make an honest and reasonable attempt to satisfy the tax laws.

Petitioner was required to file Federal income tax returns for the years 1993, 1994, and 1995. Petitioner failed to file tax returns for these years either before or after the assessment. Respondent prepared SFRs for the tax years in issue. There is no evidence in the record that petitioner signed the SFRs. Additionally, there is no evidence that he attempted to file any returns on his own initiative or that he cooperated with the Commissioner in a manner that might represent an honest and reasonable attempt to satisfy the requirements of the tax law. On the basis of the facts of this case, no "returns" were filed

---

[14]Courts that have addressed the issue of whether particular documents constitute a "return" within the meaning of 11 U.S.C. sec. 523(a)(1)(B) have applied the four-part test set forth in Beard v. Commissioner, 82 T.C. 766 (1984), affd. 793 F.2d 139 (6th Cir. 1986). See, e.g., In re Hatton, 220 F.3d 1057, 1060-1061 (9th Cir. 2000); In re Hindenlang, 164 F.3d 1029, 1033 (6th Cir. 1999); In re Moroney, 90 AFTR 2d 2002-7353, 2003-1 USTC par. 50,117 (E.D. Va. 2002); In re Pierchoski, 243 Bankr. 639, 642 (Bankr. S.D. Pa. 1999); In re Billman, 221 Bankr. 281, 282 (Bankr. S.D. Fla. 1998); In re McGrath, 217 Bankr. 389, 392 (Bankr. N.D.N.Y. 1997).

within the meaning of 11 U.S.C. sec. 523(a)(1)(B).[15]

Accordingly, we hold that pursuant to 11 U.S.C. sec. 523(a)(1)(B), the U.S. Bankruptcy Court for the Northern District of Texas did not discharge petitioner from his unpaid liabilities for the taxable years 1993, 1994, and 1995.

B.    Petitioner's Additional Arguments

In his petition, petitioner raises additional arguments relating to his bankruptcy filing.  Petitioner alleges that respondent is enjoined from collecting the unpaid liabilities and that a default judgment occurred because respondent made no challenge to the bankruptcy filing.  The record in this case is unclear regarding whether these issues were raised at the Appeals hearing.  Respondent has not argued that petitioner did not raise these issues at the Appeals hearing.  In the answer to the amended petition, respondent claims that it was unnecessary to object to the bankruptcy filing because the unpaid liabilities are excepted from discharge.  Because it appears that petitioner's additional arguments were raised at the Appeals

---

[15]Although not argued by respondent or addressed by the parties, we note that if the SFRs were deemed returns for purposes of 11 U.S.C. sec. 523(a)(1)(B) then it appears that petitioner's unpaid liabilities would still be excepted from discharge because copies of MFTRA-X transcripts indicate that the SFRs were filed less than 2 years before the start of the bankruptcy proceeding.  See 11 U.S.C. sec. 523(a)(1)(B)(ii); Young v. United States, 535 U.S. 43, 48-49 (2002); Washington v. Commissioner, 120 T.C. at 121-122; Thomas v. Commissioner, T.C. Memo. 2003-231.

hearing and because respondent has not objected to the arguments, we shall address the additional arguments.

1. Whether Respondent Is Enjoined by the Order of Discharge From Collecting the Unpaid Liabilities

Petitioner argues that respondent is enjoined by the discharge order from collecting the unpaid liabilities. However, the discharge order specifically states that only creditors whose debts are discharged by the order or declared null and void under paragraph 2 of the order are enjoined from collecting debts.

Paragraphs 2 and 3 of the discharge order stated:

2. Any judgment heretofore or hereafter obtained in any court other than this court is null and void as a determination of the personal liability of the debtor with respect to any of the following:

(a) debts dischargeable under 11 U.S.C. sec. 523;

(b) unless heretofore or hereafter determined by order of this court to be nondischargeable, debts alleged to be excepted from discharge under clauses (2), (4), (6) and (15) of 11 U.S.C. sec. 523(a);

(c) debts determined by this court to be discharged.

3. All creditors whose debts are discharged by this order and all creditors whose judgments are declared null and void by paragraph 2 above are enjoined from instituting or continuing any action or employing any process or engaging in any act to collect such debts as personal liabilities of the above-named debtor.

As previously explained, the unpaid liabilities were not dischargeable under 11 U.S.C. sec. 523(a)(1)(B) because required

returns were not filed.  Petitioner has not alleged that the unpaid liabilities are excepted from discharge under 11 U.S.C. sec. 523(a)(2), (4), (6), or (15).  Finally, the unpaid liabilities were not determined by the bankruptcy court to be discharged.  Therefore, pursuant to the discharge order, respondent is not enjoined from collecting the unpaid liabilities.

### 2.   Respondent's Failure To Object or File Claim

Petitioner argues that respondent's failure to object to or file a claim in petitioner's bankruptcy filing resulted in a default judgment in this case.  We disagree because the debt at issue is not of a kind that requires an objection or the filing of a complaint during a chapter 7 bankruptcy proceeding in order to later obtain a determination of the dischargeability of the debt.

Bankruptcy courts have exclusive jurisdiction with respect to debts enumerated in 11 U.S.C. sec. 523(a)(2), (4), (6) and (15).  11 U.S.C. sec. 523(c)(1); In re McKendry, 40 F.3d 331, 335 (10th Cir. 1994); In re Galbreath, 83 Bankr. 549, 550 (Bankr. S.D. Ill. 1988); Fed. R. Bankr. P. 4007 Advisory Committee's Note (1983); 4 Collier on Bankruptcy, par. 523.03, at 523-17 (15th ed. rev. 1996).  With respect to determining whether other debts,

including tax debts,[16] are dischargeable, bankruptcy courts have concurrent jurisdiction with other courts. Whitehouse v. LaRoche, 277 F.3d 568, 576 (1st Cir. 2002); In re McKendry, supra at 335 n.3; In re Galbreath, supra at 551; Fed. R. Bankr. P. 4007 Advisory Committee's Note (1983) ("Jurisdiction over this issue on these debts [debts listed under 11 U.S.C. sec. 523(a)(1), (3), (5), (7), (8), and (9)] is held concurrently by the Bankruptcy Court and any appropriate nonbankruptcy forum."); 4 Collier on Bankruptcy, par. 523.03, at 523-17. As explained below, this concurrent jurisdiction generally allows dischargeability issues relating to certain debts to be decided by a nonbankruptcy court if the issues have not been addressed by the bankruptcy court in a prior chapter 7 proceeding.

Rule 4007(a) of the Federal Rules of Bankruptcy Procedure provides that a debtor or any creditor may file a complaint to obtain a determination of the dischargeability of any debt. Generally, 11 U.S.C. sec. 523(c) provides that a debtor is

---

[16]A bankruptcy court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax as long as the matter has not been contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the case under title 11. 11 U.S.C. sec. 505(a). This authority to fix a debtor's tax liability is discretionary. In re Shapiro, 188 Bankr. 140, 143 (Bankr. E.D. Pa. 1995); In re Queen, 148 Bankr. 256, 259 (S.D. W.Va. 1992), affd. without published opinion 16 F.3d 411 (4th Cir. 1994). If a bankruptcy court specifically considers and decides a tax issue, then this Court will generally adhere to the bankruptcy court's decision on the matter. See Katz v. Commissioner, 115 T.C. 329, 339-340 (2000).

discharged from a debt of a kind specified in paragraphs (2), (4), (6), or (15) of 11 U.S.C. sec. 523(a) unless, on request of the creditor to whom the debt is owed, and after notice and a hearing, the court determines the debt is excepted from discharge under one of those paragraphs.[17] The instant dispute involves a tax debt, which is not a debt of a kind specified in paragraphs (2), (4), (6), or (15) of 11 U.S.C. sec. 523(a). Thus, respondent was not required in this case to request a determination in the chapter 7 proceeding that petitioner's unpaid liabilities were excepted from discharge. See Whitehouse v. LaRoche, supra at 576; United States v. Comer, 222 Bankr. 555, 561 (Bankr. E.D. Mich. 1998); In re Thompson, 207 Bankr. 7, 9 (Bankr. M.D. Fla. 1996).

A debt of the kind specified in 11 U.S.C. sec. 523(a)(1) is not discharged in a chapter 7 proceeding, and it continues to be an enforceable obligation after the entry of a debtor's discharge, unless there is an express determination that the tax is dischargeable. In re Thompson, supra at 10; In re Ellsworth, 158 Bankr. 856, 858 (M.D. Fla. 1993). A complaint seeking a determination that a tax debt is not excepted from discharge

---

[17]In a ch. 7 proceeding, if a complaint is filed pursuant to 11 U.S.C. sec. 523(c), then it must be filed no later than 60 days after the first date set for the meeting of creditors. Fed. R. Bankr. P. 4007(c). Complaints other than under 11 U.S.C. sec. 523(c) may be filed at any time. In re Stone, 10 F.3d 285, 289 n.9 (5th Cir. 1994); Fed. R. Bankr. P. 4007(b).

under 11 U.S.C. sec. 523(a)(1) usually comes from the debtor because tax liabilities covered by this section constitute a claim or debt of a kind which would not otherwise be discharged pursuant to 11 U.S.C. sec. 523(c) in the event that the creditor failed to take timely action. In re Ellsworth, supra at 858; 4 Collier on Bankruptcy, par. 4007.02, at 4007-4. "The law is clear that failure to file a complaint for debts protected from discharge under Section 523(a)(1) does not affect the dischargeability or nondischargeability of the debt." In re Ellsworth, supra at 858. Therefore, if a tax liability satisfies the conditions set forth in 11 U.S.C. sec. 523(a)(1), it is not protected by the general discharge received by the debtor in his prior bankruptcy case. In re Thompson, supra at 10.

In the instant case, petitioner has not alleged, and the evidence in the record does not reflect, that he filed a complaint to obtain a determination of the dischargeability of the unpaid liabilities for the years 1993, 1994, and 1995. Furthermore, the bankruptcy court did not determine the dischargeability of the unpaid liabilities in its discharge order. Because the tax debt in issue is of a kind specified in 11 U.S.C. sec. 523(a)(1), respondent was not required to object or file a claim to protect against the discharge of the unpaid liabilities because the liabilities were automatically excepted

from discharge. Accordingly, there is no default judgment applicable.

V. Conclusion

After the bankruptcy proceeding was complete, the Appeals officer determined that petitioner's unpaid liabilities were excepted from discharge because required returns were not filed and sought to proceed with collection by levy. Petitioner contested the Appeals officer's determination and petitioned this Court to review the determination. We have exercised our jurisdiction and decided the dischargeability issue that was not addressed by the bankruptcy court in petitioner's chapter 7 proceeding. As explained earlier, petitioner's unpaid liabilities were excepted from discharge under 11 U.S.C. sec. 523(a)(1). Accordingly, we hold that respondent may proceed with collection action as determined in the notice of determination with respect to petitioner's taxable years 1993, 1994, and 1995.

Decision will be entered

for respondent.