SANDRA K. JENKINS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jenkins v. Commissioner
Docket No. 3479-87
United States Tax Court
T.C. Memo 1989-618; 1989 Tax Ct. Memo LEXIS 618; 58 T.C.M. (CCH) 693; T.C.M. (RIA) 89618; November 15, 1989
*618 Murray Greiff, for the petitioner. Darryl M. Choy, for the respondent. PARR
MEMORANDUM FINDINGS OF FACT AND OPINION PARR, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: Additions to Tax
Year
Deficiency
sec. 6651(a)(1) [1]
sec. 6654(a)
sec. 6653(a)
1980
$ 1,993.00
$ 289.00
$ 60.32
$ 99.65
The sole issue is whether the statute of limitations has run against respondent with respect to the year 1980. Some of the facts are stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in Seal Beach, California when she filed her petition. The issue in this case is the same as in Jenkins v. Commissioner, T.C. Memo. 1989-617, which concerned this petitioner for the years 1979, 1981, and 1982. Petitioner modified the jurat on her printed income tax returns for the years 1979 and 1980 to say that she "truely [sic] estimated" her taxes. In both *619 cases, petitioner claimed to have later signed and returned a valid jurat, but she did not state when she returned the jurat, nor did she present any other credible evidence on this point. In this case, but not in T.C. Memo. 1989-617, petitioner also omitted her signature from her purported return. For the reasons set forth in Jenkins v. Commissioner, T.C. Memo. 1989-617, and for the additional reason that her purported 1980 return was unsigned, petitioner did not file a valid return for 1980. [2] The notice of deficiency issued on December 17, 1986, was timely because it was not issued more than three years after the filing of a valid return. Respondent may assess the deficiency and the additions to tax for 1980. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue.↩
2. Although petitioner testified that she returned a signed declaration in lieu of the jurat, she had no proof of mailing, and we do not accept her testimony.↩