T.C. Memo. 2003-344

UNITED STATES TAX COURT

BILL MAX OVERTON, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2566-01.               Filed December 22, 2003.

Bill Max Overton, pro se.

Donald E. Edwards and Ann O'Blenes, for respondent.

MEMORANDUM OPINION

THORNTON, Judge:  Respondent determined the following

deficiencies and additions to tax in petitioner's Federal income

taxes:[1]

_____

[1] All section references are to the Internal Revenue Code in
effect for the years at issue (except that references to sec.
7491 are to that section as added to the Internal Revenue Code by
the Internal Revenue Service Restructuring and Reform Act of 1998
                                                    (continued...)

| Year | Deficiency | Additions to Tax | |
| | | Sec. 6651(a)(1) | Sec. 6654 |
| --- | --- | --- | --- |
| 1996 | $4,195 | $1,009 | $214 |
| 1997 | 4,377 | 993 | 210 |
| 1998 | 3,908 | 977 | 179 |

The issues for decision are: (1) Whether petitioner received unreported interest income as determined in the notices of deficiency, and (2) whether petitioner is liable for additions to tax pursuant to sections 6651(a)(1) and 6654 for the years at issue.

### Background

When he petitioned this Court, petitioner resided in Oklahoma City, Oklahoma.

For each year at issue, petitioner received interest income from numerous financial institutions. The interest income totaled $39,648, $36,859, and $32,683 for 1996, 1997, and 1998, respectively.[2]

Petitioner filed no Federal income tax return for 1996 or 1997. On May 7, 1999, the Internal Revenue Service received from petitioner a Form 1040, U.S. Individual Income Tax Return, for his 1998 tax year. This document (the purported 1998 return)

---

[1](...continued)
(RRA 1998), Pub. L. 105-206, sec. 3001, 112 Stat. 726). Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Petitioner admits in his petition that he received those amounts of interest income.

lists on Schedule E, Supplemental Income and Loss, $32,683 of "Royalties received & interest", offset by $81,556 of claimed expenses.  On the 1998 purported return, petitioner lists no earned income but claims a "1997 loss carry over" of $407,246, a $3,783,344 earned income credit, and a refund of the same amount. In the jurat above his signature, petitioner scratched out the words "Under penalty of perjury."[3]

With respect to each of petitioner's 1996, 1997, and 1998 tax years, respondent prepared a "substitute for return" (SFR).[4]

---

[3] Petitioner claims to have filed with the Internal Revenue Service (IRS) similar purported returns for his tax years 1996 and 1997.  The 1996 purported return, which is in evidence, lists on Schedule E, Supplemental Income and Loss, $39,648 of "Royalties received & interest", offset by $78,915 of claimed expenses.  On the 1996 purported return, petitioner lists no earned income and claims a "1995 loss carry over" of $325,372, a $517,146 earned income credit, and a $517,305 refund.  Similarly, the 1997 purported return, which is also in evidence, lists on Schedule E $36,859 of "Royalties received & interest", offset by $79,466 of claimed expenses.  On the 1997 purported return, petitioner lists no earned income and claims a "1996 loss carry over" of $364,639, a $1,833,156 earned income credit, and a $1,833,719 refund.

On each of these purported 1996 and 1997 returns, as on his purported 1998 return, petitioner scratched out the words "Under penalty of perjury" in the jurat above his signature.  There is no evidence in the record that petitioner ever submitted the purported 1996 and 1997 returns to the IRS.

Pursuant to sec. 6702, respondent assessed a frivolous return penalty with respect to petitioner's purported 1998 return.  The frivolous return penalty is not at issue here.

[4] The term "substitute for return" (SFR) has been used to describe a return prepared by the Commissioner pursuant to sec. 6020(b) where the taxpayer did not file a return.  It is
(continued...)

On December 22, 2000, respondent issued notices of deficiency based on the SFRs.  In the notices of deficiency, respondent determined that petitioner received unreported interest income in the following amounts, on the basis of information reports from financial institutions:[5]

| Year | Unreported Interest Income |
| --- | --- |
| 1996 | $32,668 |
| 1997 | 33,895 |
| 1998 | 32,678 |

On June 2, 2003, this case was called for trial in Lubbock, Texas.  Petitioner failed to appear, and no appearance was made on his behalf.

### Discussion

Although petitioner failed to appear at trial and to prosecute his case, respondent's counsel chose to proceed with

[4](...continued)
unnecessary to decide whether the returns that respondent prepared in this case meet the requirements of sec. 6020(b).  For convenience, we refer to these returns as SFRs.  See Swanson v. Commissioner, 121 T.C. 111, 112-113 n.1 (2003).

[5] On Forms 1099-INT, Interest Income, the financial institutions reported interest income paid to petitioner totaling at least $32,668, $33,895, and $32,678 for 1996, 1997, and 1998, respectively.  Most if not all of these Forms 1099-INT listed incorrect taxpayer identification numbers.  Using an automated system, the IRS matched the Forms 1099-INT to petitioner's correct taxpayer identification number.

trial.  Accordingly, we regard this case as submitted by the parties.  See Rule 149(a).[6]

## A. Unreported Interest Income

The evidence shows that petitioner received interest income in amounts at least as great as determined in the notices of deficiency.  In fact, by his own admissions in his petition, petitioner received more interest income than was determined in the notices of deficiency.  Respondent has not sought increased deficiencies based on these admissions.  Therefore, we sustain respondent's deficiency determinations.[7]

---

[6] RULE 149.  FAILURE TO APPEAR OR TO ADDUCE EVIDENCE

(a) Attendance at Trials:  The unexcused absence of a party or a party's counsel when a case is called for trial will not be ground for delay.  The case may be dismissed for failure properly to prosecute, or the trial may proceed and the case be regarded as submitted on the part of the absent party or parties.

The parties have not addressed the application of sec. 7491 or whether the examination of petitioner's 1996 or 1997 tax year commenced after July 22, 1998, the effective date of sec. 7491. See RRA 1998 sec. 3001(c), 112 Stat. 727.  (Because petitioner's 1998 return was due after July 22, 1998, presumably, the examination of petitioner's 1998 tax year commenced after July 22, 1998.)  Nevertheless, sec. 7491 does not affect our analysis for any of the years at issue because, with the one exception discussed infra note 7, our holdings do not depend upon which party has the burden of proof or production.

[7] In his petition, petitioner claims entitlement to all the deductions listed on his purported returns.  Petitioner has not substantiated any of these deductions and accordingly is not entitled to them.  See Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Because petitioner failed to comply with the substantiation and record-keeping requirements
(continued...)

## B. Additions to Tax

### 1. Failure To File Timely Returns

For each year at issue, respondent determined that petitioner is liable for the section 6651(a)(1) addition to tax for failing to file a timely Federal income tax return.  Section 6651(a)(1) imposes an addition to tax for failing to file a tax return on or before the specified filing date unless the taxpayer establishes that the failure "is due to reasonable cause and not due to willful neglect".  Sec. 6651(a)(1); see United States v. Boyle, 469 U.S. 241, 245 (1985).

Respondent offered into evidence Form 3050, Certificate of Lack of Record, which indicates that no income tax return for petitioner is on file with the Internal Revenue Service for any year at issue.  In his petition, petitioner alleges that he filed a Federal income tax return for each year at issue.  On each of these purported returns, petitioner crossed out the words "Under penalty of perjury" from the jurat above his signature.  For this reason, if for no other, the purported returns do not constitute valid returns.  See, e.g., Cupp v. Commissioner, 65 T.C. 68, 78-79 (1975), affd. without published opinion 559 F.2d 1207 (3d Cir. 1977); Sochia v. Commissioner, T.C. Memo. 1998-294; see also

---

[7](...continued)
of sec. 7491(a)(2) and to introduce credible evidence within the meaning of sec. 7491(a)(1), sec. 7491 does not place the burden of proof on respondent with respect to the claimed deductions.

Williams v. Commissioner, 114 T.C. 136, 140 (2000); Jenkins v. Commissioner, T.C. Memo. 1989-618; Jenkins v. Commissioner, T.C. Memo. 1989-617.

Petitioner has not shown that his failure to file valid returns was due to reasonable cause.  To the contrary, his purported returns convince us that his failure to file valid returns resulted from his deliberate attempt to subvert the tax laws.  Accordingly, we sustain respondent's determination of section 6651(a)(1) additions to tax as set forth in the notices of deficiency.

    2.    Failure To Pay Estimated Tax

For each year at issue, respondent determined that petitioner is liable for the section 6654 addition to tax for underpaying required installments of individual estimated tax.

In his petition, the only argument that petitioner raises that arguably pertains to the section 6654 addition to tax is that "Since there is no additional income, it follows that the additional claims for penalties are also in error."  Contrary to petitioner's argument, however, we have sustained respondent's deficiency determinations as to the amount of petitioner's unreported income for each year at issue.  Petitioner does not allege, and the evidence does not suggest, that any exception in

section 6654(e) applies.[8]  Accordingly, we sustain respondent's determination of section 6654 additions to tax as set forth in the notices of deficiency.

In reaching our holding, we have considered all arguments that petitioner raised in his petition.  Arguments not addressed herein are irrelevant or without merit.[9]

To reflect the foregoing,

Decision will be entered

for respondent.

---

[8] The evidence shows that petitioner had Federal income taxes withheld of $158 and $404 for 1996 and 1997, respectively. In the notices of deficiency for these years, respondent appropriately gave petitioner credit for these amounts of withholding.

[9] For example, in his petition, petitioner contends that the limitations period for assessing his 1996 tax has expired. Assessments must be made within 3 years after a return is filed. Sec. 6501(a).  Because petitioner filed no 1996 return, the limitations period for assessing his 1996 tax remains open indefinitely.  See sec. 6501(c)(3).