T.C. Summary Opinion 2006-173

UNITED STATES TAX COURT

JOSE R. CHRISTOPHER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13555-05S.                Filed October 24, 2006.

Jose R. Christopher, pro se.

<u>Monica Miller</u>, for respondent.

COUVILLION, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7463 in effect when the petition was filed.[1] The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Petitioner seeks a review under section 6320 to the issuance by respondent of notices of Federal tax lien for unpaid Federal income taxes

_____

[1]Unless otherwise indicated, subsequent section references are to the Internal Revenue Code as amended.

and additions to tax under section 6651(a)(1) for petitioner's 1999, 2000, 2001, 2002, and 2003 tax years. The tax liabilities arise from the underpayment of taxes shown on income tax returns for the 5 years. No notices of deficiency have been issued for the 5 years, and petitioner does not question the underlying liabilities.

Some of the facts were stipulated. Those facts, with the exhibits annexed thereto, are so found and made part hereof. Petitioner's legal residence at the time the petition was filed was Orlando, Florida.

This case arises over the issuance by respondent of a notice of determination concerning collection actions under section 6320 and/or 6330 with respect to petitioner's 1999, 2000, 2001, 2002, and 2003 tax years. The income tax returns for these years were not filed timely, and petitioner failed to pay all or some of the tax shown as due and owing on each of the returns.[2] The dispute in this case arises over respondent's issuance of a notice of Federal tax lien. Petitioner seeks to have that tax lien withdrawn. Prior to issuance of the tax lien, respondent had

---

[2]At the time the notice of determination was issued, petitioner's unpaid taxes were as follows:

| Year | Amount |
|------|--------|
| 1999 | $15,849.29 |
| 2000 | 1,206.91 |
| 2001 | 6,118.08 |
| 2002 | 4,460.10 |
| 2003 | 7,572.86 |

instituted levy proceedings on retirement income petitioner was receiving from his prior employment as a police officer for the City of New York.  For the year 2004, petitioner received $30,979.21 in retirement benefits from the City of New York retirement system.  During 2004 and since, petitioner has been employed by the U.S. Department of Transportation, which petitioner referred to as "Homeland Security", and his salary for 2004 from that employment was $24,752.63.  Thus, petitioner's two sources of income during 2004 totaled $55,771.84.

Prior to consummation of the levy of petitioner's retirement benefits, respondent had issued a notice of intent to levy. Petitioner consciously did not appeal that notice and allowed the levy to proceed.  Pursuant to that levy, respondent has been collecting monthly amounts of $1,392.15 from petitioner's New York retirement benefits.  The levy has continued, and, upon respondent's issuance of the notice of Federal tax lien, petitioner requested a hearing and applied for a release and cancellation of the levy, seeking in place of the levy the continued payment of $1,392.15 per month toward liquidation of his past years' tax liabilities as an installment agreement.

In connection with the relief sought, petitioner was required to and did provide a current financial statement to respondent's Appeals Office.  Based on the financial data

petitioner provided, the Appeals officer concluded in the notice of determination:

> You submitted requested financial information to Settlement Officer Salinger in order for him to determine if the $775 you offered as a collection alternative was acceptable.
>
> During the conference Mr. Salinger advised you that based on the financial analysis conducted that you had an ability to pay a higher amount than the $775 offered. Based on Mr. Salinger's analysis you have the ability to make monthly payments in the amount of $1,664 per month. It was further explained to you that once your child support obligation is paid off within the next year, the installment agreement payment would increase by $217 to $1,881 per month.
>
> You indicated to Mr. Salinger that you cannot afford that high of a payment. You further indicated that the Service currently has a levy in place against your pension income in the amount of $1,392 per month and that you have no problem having that levy kept in place. You were advised that this levy would stay in place but it would not be considered a formal installment agreement.
>
> No other collection alternatives were offered and no other issues were raised.

Petitioner appealed that determination. At trial, petitioner reiterated his desire to continue monthly payments of $1,392, free of the tax lien, as an installment agreement. Petitioner contends he is not able to pay $1,881 per month, and that circumstances have changed in his own life since the hearing before the Appeals officer. Petitioner cited as an example the fact that he was required to move from his apartment because it was converted to a condominium, and the apartment he moved into requires a higher monthly rent.

The Court must decide whether petitioner is entitled to relief from the Appeals officer's determination. Where the underlying tax liability is properly at issue, the Court reviews that issue de novo. Where the underlying tax liabilities are not at issue, as in this case, this Court reviews the determination under an abuse of discretion standard. Sego v. Commissioner, 114 T.C. 604 (2000). An abuse of discretion is defined as any action that is unreasonable, arbitrary, or capricious, clearly unlawful, or lacking sound basis in law, taking into account all the facts and circumstances. See, e.g., Thor Power Tool Co. v. Commissioner, 439 U.S. 522, 532-533 (1979); Swanson v. Commissioner, 121 T.C. 111, 119 (2003).

The record does not support a finding that there was an abuse of discretion by the Appeals officer in this case. The Appeals officer determined, upon review of petitioner's financial situation, that his monthly payment should be increased over the amount that was currently being levied upon. The Appeals officer also declined to release the levy and accept the monthly amounts as an installment obligation. Petitioner has not satisfied the Court that this determination constituted an abuse of discretion. Consequently, the Appeals officer's determination is sustained.

The Court notes, however, petitioner's contention that circumstances changed in his financial situation after the hearing before the Appeals officer, and, because of these changed

circumstances, he was entitled to relief.  Section 6330(d)(2) provides generally that the IRS Office of Appeals shall retain jurisdiction with respect to any determination made under that section, including subsequent hearings requested by the person who requested the original hearing on issues regarding:  (A) Collection actions taken or proposed with respect to such determination, and (B) after the person has exhausted all administrative remedies, a change in circumstances with respect to such person that affects such determination.  Petitioner's contention at trial that his living expenses increased after the original Appeals hearing appears to come within the parameters of section 6330(d)(2)(B); consequently, petitioner should be afforded the opportunity at the Appeals level to establish his current financial situation.  Accordingly, this case will be remanded.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>An appropriate order will be issued.</u>