T.C. Memo. 2015-11

UNITED STATES TAX COURT

GINA BRASHER LANGLEY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17267-13L.                          Filed January 13, 2015.

Gina Brasher Langley, pro se.

Clint J. Locke, for respondent.

MEMORANDUM OPINION

COHEN, Judge:  This case was commenced under section 6330(d) in response to a notice of determination concerning collection action sustaining a proposed levy to collect petitioner's unpaid Federal income tax liabilities for 2006, 2008, 2009, and 2010.  Because of inconsistencies and misstatements in the administrative record, the case was remanded for a supplemental notice of

[*2] determination. The supplemental notice acknowledged that there are no outstanding balances for 2008 and 2010 but sustained the proposed levy to collect unpaid balances for 2006 ($121.48 as of the date of the original proposal for levy) and 2009 ($3,374.96 as of the date of the original proposal for levy). The issues for determination are whether underlying liabilities are properly in issue or whether the determination to sustain the proposed levy was an abuse of discretion. All section references are to the Internal Revenue Code in effect at all relevant times.

## Background

All of the facts in this case are discerned from the underlying administrative record and the records of this Court. The parties did not execute a stipulation, and there was no testimony when the case was called for trial. Because the positions of the parties and the relevant facts are fully disclosed in the administrative record and the parties' filings, there is no reason to reopen the record for additional evidence.

### Petitioner's Claimed Overpayments

Petitioner was a resident of Florida at the time she filed her petition. She was previously married to Barney Langley and filed a joint Federal income tax return with him for 2004. Thereafter she and Barney Langley were divorced as a

**[*3]** result of proceedings in the Florida courts.  The returns that petitioner filed for 2006 through 2010 were not joint returns.

Petitioner contends that she does not owe taxes for the years in issue and that she is entitled to a refund of over $40,000 for 2004 that was misappropriated by Barney Langley and/or others in Florida.  She has claimed mistreatment by Florida attorneys and the Florida courts in relation to the domestic relations proceedings.

Petitioner filed an action in this Court, docket No. 27396-12, seeking relief under section 6015 for years 2004 through 2010.  That case was ultimately dismissed for lack of jurisdiction because there was no deficiency for 2004 and because petitioner had not filed joint returns for the later years.

On April 15, 2014, petitioner submitted to the Internal Revenue Service (IRS) amended returns for years including 2010 and a carryback/carryforward claim for 2010; those documents asserted a theft loss exceeding $400,000.  Petitioner understood that she filed the amended 2010 return "the last day to take the loss" (because of the period of limitations).  Her claimed loss was identified as including the failure of the IRS to investigate a situation in Florida that she had pursued in three appeals, including to the Florida Supreme Court.  Her amended returns were referred to an IRS office not part of its Office of Appeals (Appeals

**[*4]** Office).  Petitioner was requested to provide additional documents, including

"computational statements for the carryback/carryforward years (2008, 2009,

2011, and 2012)" by September 2, 2014.  She was specifically advised:

> You must complete the enclosed Schedule A-NOL to compute the
> loss available to carryback.  You must complete the enclosed
> Schedule B-NOL showing the computation of the carryover amounts
> from 2008 to 2009 and 2011.  You must complete the enclosed NOL
> carryover worksheet to compute the remaining carryover amount to
> 2012.
>
> You must resubmit newly signed corrected claims for 2008, 2009,
> 2011 and 2012 with all of the information listed above attached to
> each separate claim.  These claims must be received no later than
> September 2, 2014 or they may be disallowed due the expiration of
> the statute of limitations.

Section 6330 Proceedings

Upon receipt of notice that the IRS intended to levy to collect unpaid

balances for 2006, 2008, 2009 and 2010, petitioner requested a hearing under

section 6330.  She argued to the settlement officer assigned to her case that she

was not liable for the balances because she was entitled to relief under section

6015 as a result of financial injuries done to her by her former husband and others

in Florida.  She requested that the IRS pursue assets wrongfully withheld from her

in Florida.

**[*5]** After numerous exchanges with petitioner, on June 25, 2013, the settlement officer issued a notice of determination sustaining the proposed levy. The notice was based in part on the Appeals representative's erroneous conclusions that the section 6015 claim had been decided against petitioner by the Court, when in fact the only thing that had happened by that time in docket No. 27396-12 was that respondent had filed an answer to the petition.

Respondent filed a motion for summary judgment that was denied because of misstatements in the moving papers and in the administrative record. When the case was called for trial, the Court ordered a remand for an independent Appeals representative "to review the facts relevant to this case, to provide petitioner with an accounting of the payments applied and refunds made from 2004 through 2010, and to issue a supplemental notice of determination that corrects the prior errors and accurately states the reasons for the determination made". In the order remanding the case, however, we explained:

> There are, however, certain obstacles to the relief that petitioner seeks, and her misunderstandings contribute to the unsatisfactory state of the record. Neither respondent nor the Court can remedy petitioner's concerns with what occurred in her domestic case in Florida or what funds are in the hands of persons over whom the Court does not have jurisdiction. Her persistence in seeking inappropriate remedies has diverted attention from the primary issue, which is whether she qualifies for a collection alternative to the

[*6] proposed levy in issue. To secure such an alternative, she is required to cooperate in providing relevant financial information.

The order included the following paragraph:

> ORDERED that petitioner shall cooperate with the new Appeals representative and provide financial information in the format requested by that representative, without expecting or demanding curative action with respect to funds allegedly held by persons not parties to this case.

Over a period of several months, the Appeals representative handling the remand reviewed petitioner's accounts and provided her with copies of refund checks that had been issued, including the refund for 2004 issued to petitioner and Barney Langley and allegedly wrongfully converted by him and/or others in Florida and a small refund for 2006 that she claims not to have received. The Appeals representative checked the status of petitioner's amended returns. The Appeals representative updated petitioner's account and concluded that no balance was owing for 2008 or 2010. However, because petitioner offered no collection alternatives but insisted that she owed nothing and was entitled to refunds resulting from the 2004 overpayment, the Appeals representative sustained the proposed levy with respect to 2006 and 2009. The supplemental notice of determination dated November 20, 2014, explained:

**[*7]** <u>Summary of Determination</u>

Appeals' determination is that the Notice of Intent to Levy is sustained. At this time there is no longer a balance due on tax years 2008 and 2010. However, there is still a balance on tax years 2006 and 2009. You filed an amended 2010 tax return on April 15, 2014 exceeding $400,000 for losses from a casualty. You were contacted by the Service to supply computational statements for the carryback/carry forward years (2008, 2009, 2011 and 2012) by September 2, 2014. The Service disallowed the claims as untimely when you did not respond by September 2, 2014. Appeals cannot confirm when the computational statements were supplied but has determined your claim for 2010 is without merit. A casualty loss cannot be claimed for property lost due to foreclosure or as a result of divorce. You have previously stated you were not willing to pay the liabilities since you feel you do not owe this money. Under these circumstances we can only sustain the Notice of Intent to Levy by the Collection Division, finding it necessary and no more intrusive than necessary.

<u>Discussion</u>

Section 6330 provides for notice and an opportunity for a hearing before a levy proposed by the IRS to collect unpaid taxes may proceed. Under section 6330(c)(2)(A), a taxpayer may raise any relevant issue at a hearing, including "challenges to the appropriateness of collection actions", and may make "offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise." A taxpayer is expected to provide all relevant information requested by the Appeals Office for its consideration of the facts and issues involved in the hearing. <u>See</u> sec.

**[\*8]** 301.6330-1(e)(1), Proced. & Admin. Regs.  Where there is no dispute as to the underlying liabilities properly before the Court, we review the actions of the Appeals Office for abuse of discretion.  See Swanson v. Commissioner, 121 T.C. 111, 119 (2003).  Abuse of discretion may be found if action is arbitrary, capricious, or without sound basis in fact or law.  Giamelli v. Commissioner, 129 T.C. 107, 111 (2007); Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Petitioner disputes her underlying liabilities.  Her disputes, however, are not based upon the original liabilities for 2006 and 2009, the years remaining in dispute.  She contests the liabilities on the basis of her erroneous view that she is entitled to refunds from the IRS going back approximately 10 years because of a refund on a joint return for 2004 and other property converted by her former spouse and/or those acting with him.  Her claim for relief was most recently stated as a request that the Court order "(1) Respondent refund to Petitioner $48,323.70 of tax overpayment plus interest for years 2004 to 2010 as petitioned in this cause and (2) Order Barney Langley be removed from the title to my home that he gave up his interest in, on Sept 22, 2004 so that Petitioner can reduce vs increase the loss incurred / Petitioner is incurring on that former marital asset going forward to 2014".  Petitioner has been advised repeatedly that the Court cannot grant the relief that she seeks.  Her demands of action by the IRS and her claims of ultimate

**[\*9]** financial loss as a result of that agency's failure to intervene in her Florida disputes are simply unreasonable.

During the course of this case and the related case, petitioner has directed her anger and frustration at respondent and has made multiple and repetitious motions for sanctions against respondent. The Court has noted and responded to the errors and inconsistencies in the record and ordered that they be corrected by the remand process. Petitioner's amended 2010 return and the claimed carryback occurred after the initial hearing, but the status of them was considered during the remand. They are not properly before the Court. To the extent that the origin and nature of the claimed losses can be determined, they appear to be the result of petitioner's unreasonable expectations and demands with respect to her dissatisfaction with judicial proceedings in Florida.

The Appeals representative handling the remand complied with our order by explaining petitioner's account, updating it, and stating the reasons to sustain the proposed levy for the years for which unpaid balances remained. She was not required to accept at face value petitioner's claims of over $400,000 in theft losses for 2010 or the carryback of those losses to 2006 and 2009, the only years now in issue here. The determination of the Appeals representative that the claim for 2010 is without merit is not unreasonable. So far as the record reflects, petitioner's

**[\*10]** claims have been decided against her by the Florida courts with jurisdiction over her and Barney Langley and other involved third parties.  Neither the section 6330 procedure nor this Court is the proper forum for reaching a contrary result.

We cannot conclude that the determination to sustain the levy to collect unpaid balances shown on petitioner's account for 2006 and 2009 was arbitrary, capricious, or without sound basis in fact or law.  Whether we consider the underlying liabilities de novo or review the determination to sustain the proposed levy for abuse of discretion, petitioner is not entitled to the relief she seeks.

An order dismissing 2008 and 2010 as moot will be issued, and

<u>Decision will be entered</u>

<u>sustaining the determination for 2006</u>

<u>and 2009</u>.