T.C. Memo. 2020-69

UNITED STATES TAX COURT

FREDERICK ENGLE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15791-17L.                    Filed May 28, 2020.

<u>Robert J. Gallagher</u>, <u>Jason A. Morton</u>, and <u>William Y. Webb</u>, for petitioner.

<u>Corey R. Clapper</u> and <u>Amy Dyar Seals</u>, for respondent.

MEMORANDUM OPINION

COHEN, <u>Judge</u>:  This case was commenced in response to an Internal

Revenue Service (IRS) Office of Appeals (Appeals) notice of determination

concerning collection action under section 6320.  The notice sustained a Letter

3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC

6320 (NFTL), for balances of restitution-based assessments (RBA) pursuant to

[*2] section 6201(a)(4) for 1984, 1986-1993, and 1995-2001, which relate to an order of criminal restitution for tax losses.

Following our Opinion in Klein v. Commissioner, 149 T.C. 341 (2017), respondent conceded and committed to abate the statutory interest and additions to tax determined with respect to the years at issue. After concessions, the sole issue for decision is whether the restitution order in this case falls within the scope of the Firearms Excise Tax Improvement Act of 2010 (FETIA), Pub. L. No. 111-237, sec. 3, 124 Stat. at 2497. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

The parties submitted this case fully stipulated under Rule 122. The stipulated facts are incorporated in our findings by this reference. Petitioner resided in North Carolina when he filed his petition.

## The Underlying Criminal Case

In 2004 the U.S. Attorney's Office (USAO) filed an information in the U.S. District Court for the Western District of North Carolina, charging petitioner with a single count of violating section 7201 by attempting to evade or defeat tax for 1998. The information also alleged that petitioner had evaded tax for 16 years

[*3] between 1984 and 2002 and owed tax of more than $600,000, but those years were not included in the charge in the information. Petitioner pleaded guilty to the information in 2004.

The District Court held a sentencing hearing almost two years later in February 2006. The District Court sentenced petitioner to four years of probation including confinement for 18 months in a community corrections center. While petitioner was to be in the community corrections center, the District Court ordered that he would be permitted to travel to China for work. Shortly after the sentencing hearing the District Court learned that the Bureau of Prisons would not permit petitioner to travel internationally. The District Court vacated the sentence and indicated that petitioner would be resentenced at a later date.

2008 Sentencing

On March 12, 2008, the District Court reconvened the sentencing proceeding. During the 2008 hearing the District Court sentenced petitioner to four years of probation including 18 months of home detention. The District Court neither made a finding of the exact amount of the tax loss involved in the case nor ordered full restitution in that amount. Instead the District Court ordered that the exact amount of restitution would be determined by the IRS. The District Court directed that petitioner pay $25,000 to the IRS immediately and a further

**[*4]** $100,000 within 90 days of the sentencing hearing. On April 4, 2008, the

District Court issued a written judgment that stated the exact amount of restitution

was "to be determined by the IRS".

Appeal and Remand

On May 2, 2008, the USAO appealed the District Court's judgment of

conviction, including the sentence imposed and the order of restitution, to the U.S.

Court of Appeals for the Fourth Circuit. On January 13, 2010, the court issued its

ruling vacating the entire sentence and remanding the case for resentencing. In

that ruling the Court of Appeals concluded:

> Under these circumstances, we cannot determine whether the
> sentence is reasonable without a fuller explanation of the reasoning
> behind the district court's view that a term of imprisonment as
> recommended by the Guidelines was not warranted and why
> restitution alone would provide adequate deterrence in this case.
> Because the district court's explanation of its decision to vary
> significantly from the Guidelines' sentencing recommendation is
> insufficient to permit meaningful appellate review, we must vacate
> the sentence and remand for new sentencing further proceedings.

United States v. Engle, 592 F.3d 495, 503-504 (4th Cir. 2010) (citation omitted).

In a footnote to its holding the Court of Appeals specifically addressed the District

Court's order of restitution and stated:

> Engle's failure to make any significant payment on his tax debt
> during the four-year period before sentencing likewise raises
> questions about the district court's refusal to order full restitution, an

[*5] order that would carry with it significant benefits from the government's perspective with regard to collection and enforcement. On remand, <u>the district court should reconsider this issue and provide a more detailed explanation should it again conclude that a restitution order is not required</u>.

Id. at 503 n.3 (emphasis added).

2011 Sentencing

On May 23, 2011, the District Court held a hearing to resentence petitioner, and it issued a written amended judgment on May 26, 2011. The District Court sentenced petitioner to 60 months incarceration followed by 14 months of supervised release. The District Court further ordered petitioner to make restitution to the IRS of $620,549, which it ordered due and payable immediately. In the event petitioner had not repaid the full amount of restitution by the start of his term of supervised release, the District Court ordered him to pay $50 per month beginning 60 days after the start of supervised release. In its written amended judgment the District Court indicated that the reason for amendment was "Correction of Sentence on Remand". Neither the Government nor petitioner appealed the District Court's amended judgment.

**[\*6]** <u>IRS Collection Efforts</u>

On May 26, 2014, the IRS made RBAs against petitioner under section 6201(a)(4) for 1984, 1986-1993, and 1995-2001, which totaled the exact amount of restitution ordered by the District Court in its 2011 amended judgment. That same day the IRS mailed petitioner a notice and demand for the unpaid restitution. On or about June 23, 2016, the IRS filed a Form 668(Y)(c), Notice of Federal Tax Lien, against petitioner with the Office of the Clerk of Superior Court of Mecklenburg County, North Carolina. On the same day the IRS sent petitioner an NFTL, which indicated that petitioner owed $2,784,166.95, representing the total amount of the RBAs, statutory interest, and additions to tax. The NFTL also stated that petitioner could appeal the proposed collection action by requesting a collection due process (CDP) hearing under section 6320 by August 1, 2016.

<u>CDP Hearing</u>

Petitioner's authorized representative timely submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing, with respect to the NFTL. Petitioner's representative checked the box on the Form 12153 indicating that petitioner was unable to pay the balance of his liabilities and that he would like to discuss collection alternatives. His representative also stated the following:

**[*7]**   Manger's [sic] Conference requested to resolve this issue prior to Appeals request; no response.  The tax years listed on the taxpayer's liens (attached) are either (1) tax years fully dischargeable in the taxpayer's CH 7 BK, or (2) include tax years that are NOT the BASIS of the taxpayer's current Federal Restitution Order. Taxpayer only pled guilty for one tax year, 1999 [sic] * * *.  There is NO adjudication as to the other tax years listed on the lien.

Petitioner's case was assigned to an Appeals settlement officer (SO) who scheduled a CDP hearing for petitioner.  Before the CDP hearing, petitioner's representative sent the SO two letters, the first on or about January 31, 2017, and the second on or about February 5, 2017.  Both letters elaborated on petitioner's argument that the Court of Appeals did not reverse and remand the District Court's 2008 restitution order and consequently that order predates the IRS' authority to make RBAs under FETIA.  On February 6, 2017, the SO conducted a telephone CDP hearing with petitioner's representative.  During this hearing petitioner's representative reiterated the arguments made in his letters.

Notice of Determination

Following the CDP hearing the SO sustained the determination.  In determining that the lien filing should be sustained, the SO made, inter alia, the following conclusions:  (1) a taxpayer cannot challenge the amount of court-ordered restitution in a CDP hearing, (2) because the Court of Appeals vacated the District Court's sentencing order the 2008 restitution order was rendered void,

[*8] meaning the ultimate restitution order was the amended judgment imposed in May 2011, (3) interest was properly assessed on the RBAs, (4) a lien withdrawal was not appropriate, and (5) the proper legal and procedural requirements had been met in the assessment and collection of the restitution. Appeals sent petitioner a notice of determination concerning collection action(s) under section 6320 and/or 6330, for the NFTL, dated June 21, 2017. When Appeals sent these notices of determination, Klein had not been decided.

## Discussion

Petitioner contends that: (1) the 2008 restitution order was neither vacated nor voided by the later January 13, 2010, decision by the Court of Appeals and its amended judgment, (2) the Court of Appeals decision vacated and voided only sentencing as to petitioner, (3) the respondent erred in applying FETIA to petitioner's May 2011 amended judgment, which did not modify the 2008 restitution order, and (4) because the 2008 restitution order remained undisturbed it predates the effective date of respondent's authority to make RBAs under section 6201(a)(4).

Section 6321 imposes a lien in favor of the United States on all property and property rights of a taxpayer liable for tax after a demand for the payment of the tax has been made and the taxpayer fails to pay. The lien arises when the

[*9] assessment is made. Sec. 6322. The IRS files a notice of Federal tax lien to preserve priority and put other creditors on notice. See sec. 6323. Section 6320(a) requires the Secretary to send written notice to the taxpayer of the filing of a notice of lien and of the taxpayer's right to an administrative hearing on the matter. Petitioner requested and was granted a CDP hearing.

CDP hearings generally shall be conducted consistent with procedures set forth in section 6330(c), (d), (e), and (g). Sec. 6320(c). Section 6330(c) specifies the matters to be considered at a CDP hearing, including verification that the requirements of any applicable law or administrative procedure have been met, challenges to the appropriateness of collection actions, and offers of collection alternatives. The taxpayer may raise at the hearing any relevant issues relating to the unpaid tax or the proposed levy. However, "[a] taxpayer is strictly prohibited from challenging the existence or amount of an underlying tax liability that is related to an order of criminal restitution." Carpenter v. Commissioner, 152 T.C. 202, 219 (2019) (citing section 6201(a)(4)(C)), aff'd, 788 F. App'x 187 (4th Cir. 2019).

Because petitioner is precluded from raising the issue of his underlying tax liabilities, the Court reviews the IRS' determination for abuse of discretion. See id. at 220-221; Klein v. Commissioner, 149 T.C. at 348; Sego v. Commissioner,

**[\*10]** 114 T.C. 604, 610 (2000); <u>Goza v. Commissioner</u>, 114 T.C. 176, 182 (2000). To establish an abuse of discretion, the taxpayer must show that the decision complained of is arbitrary, capricious, or without sound basis in fact or law. <u>Giamelli v. Commissioner</u>, 129 T.C. 107, 111 (2007) (citing <u>Woodral v. Commissioner</u>, 112 T.C. 19, 23 (1999)). Where a determination by Appeals is predicated upon an error of law, that determination constitutes an abuse of discretion. <u>Alessio Azzari, Inc. v. Commissioner</u>, 136 T.C. 178, 191 (2011); <u>Swanson v. Commissioner</u>, 121 T.C. 111, 119 (2003) (citing <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 405 (1990) (abuse of discretion occurs if ruling was based on erroneous view of the law)); <u>see also</u> <u>Kendricks v. Commissioner</u>, 124 T.C. 69, 75 (2005) ("Whether characterized as a review for abuse of discretion or as a consideration 'de novo' (of a question of law), we must reject erroneous views of the law.").

The IRS can make a restitution-based assessment only to the extent authorized by section 6201(a)(4)(A). That section provides that the Secretary "shall assess and collect the amount of restitution under an order pursuant to section 3556 of title 18, United States Code, for failure to pay any tax imposed under this title [title 26] in the same manner as if such amount were such tax." The Secretary's collection authority under section 6201(a)(4) applies only to

**[*11]** criminal restitution ordered after August 16, 2010. See FETIA sec. 3(c), 124 Stat. at 2498. The parties do not dispute that such a restitution obligation is at issue in this case; however, they disagree as to whether the restitution was ordered after the effective date of section 6201(a)(4).

The crux of the dispute is whether the Court of Appeals intended to include the 2008 restitution order in its mandate to the District Court when it reversed and remanded petitioner's sentence. It is well settled that the mandate of a higher court is "controlling as to matters within its compass". Sprague v. Ticonic Nat'l Bank, 307 U.S. 161, 168 (1939). "[I]t is indisputable that a lower court generally is 'bound to carry the mandate of the upper court into execution'". United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (quoting Sprague, 307 U.S. at 168). "[W]hen * * * [a higher] court remands for further proceedings, a district court must, except in rare circumstances, '"implement both the letter and spirit of the . . . mandate, taking into account [our] opinion and the circumstances it embraces."'" Id. at 66 (third and fourth alterations in original) (quoting United States v. Bell, 988 F.2d 247, 250 (1st Cir. 1993)).

In this case the Government appealed the District Court's judgment of conviction including the sentence imposed and the order of restitution to the Court of Appeals. The Court of Appeals considered both petitioner's efforts to make

[*12] restitution before sentencing and the District Court's reasoning for imposing a lesser sentence of incarceration in favor of petitioner's making restitution. The Court of Appeals concluded that the District Court's explanation of its decision was insufficient to permit meaningful appellate review. As a result the Court of Appeals vacated petitioner's entire sentence and remanded "for new sentencing [and] further proceedings." Engle, 592 F.3d at 504. In doing so the Court of Appeals included a footnote stating that "[o]n remand, the district court should reconsider * * * [the issue of restitution] and provide a more detailed explanation should it again conclude that a restitution order is not required." Id. at 503 n.3. We conclude that the Court of Appeals expressly intended to include the 2008 restitution order in its decision to vacate and remand petitioner's sentence. This decision rendered the 2008 restitution order null and void.

Consistent with the Court of Appeals mandate, the District Court reconsidered the amount of restitution owed and issued a new restitution order with its May 2011 amended judgment. Accordingly, the date of the May 2011 restitution order controls for the purposes of determining whether section 6201(a)(4) applies. The May 2011 restitution order was imposed after the effective date of section 6201(a)(4) specified under FETIA. The SO's conclusion that the RBA was not in error and his determination to sustain the NFTL filing

**[*13]** were not an abuse of discretion.  Except with respect to the conceded amounts of interest and additions to tax, we sustain the IRS NFTL filing insofar as the amounts do not exceed the amount of criminal restitution.

We have considered all of the parties' arguments and, to the extent not discussed above, conclude that those arguments are irrelevant, moot, or without merit.  To reflect the foregoing,

<u>An appropriate decision will</u>

<u>be entered</u>.